TRUSTEES OF THE FREEHOLDERS AND COMMONALTY OF THE
TOWN OF EASTHAMPTON, Respondent, *v.* JOHN A. BOWMAN,
Appellant.

Before a principal can be held to have ratified the unauthorized act of an
assumed agent he must have full knowledge of the facts ; proof of par-
tial or imperfect knowledge is not sufficient.

Before a municipal corporation can be so held the facts constituting the
ratification must be fully and clearly proved, so that it can fairly be said
there was an intention to ratify the unauthorized act and receive the
fruits thereof.

In 1882, the trustees of the town of Easthampton who are clothed with
authority to sell and lease the town lands, by resolution appointed certain
of their members as "a general prosecuting committee" with D. as its
chairman.   D. subsequently without the knowledge or consent of the
other members and without authority inserted in the resolution as
recorded after the word committee the following :  "With power to sell
and convey"; he also without any such authority, consent or knowledge
wrote in the book of records a resolution conferring upon said committee
authority to sell the town lands.   Thereafter, pursuant to negotiations
between D. and defendant a deed of certain of the town lands was
executed by I., one of the trustees, to defendant who paid there-
for $200.   *Held*, that as the evidence did not show that defendant
was so in possession, that the town could maintain ejectment, an
action was maintainable by it to have the deed canceled as a cloud on
the town title; that as D. was not individually the agent of the town he
could not act independently of the board of trustees, which alone as a
body was the agent, and as he had no apparent authority to dispose of
the lands, the town was not bound by his representations.

In 1884, the trustees then in office commenced a suit, against those who
were trustees when said deed was executed, for an accounting, and pay-
ment over of moneys belonging to the town, in which plaintiffs claimed
to and did recover judgment against D. for said $200.   Execution was
issued thereon and returned unsatisfied.   It did not appear that the
trustees, when such judgment was obtained and execution issued, had
knowledge that the deed was executed without authority.   *Held*, that
this action of the trustees was not a ratification of the unauthorized sale ;
and that plaintiff was entitled to the relief sought, upon assigning to
defendant so much of the judgment against D., as represented the
$200, paid to him by defendant.

(Argued December 13, 1892; decided January 17, 1893.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order

made May 29, 1891, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to set aside and cancel of record as a cloud on plaintiff's title a deed by the Trustees of the Freeholders and Commonalty of the Town of Easthampton to the defendant.

The town of Easthampton is a municipal corporation incorporated under and by virtue of a colonial charter or patent known as the Dongan Patent, dated December 9, 1686. By virtue of the patent it is the owner of all the common land and land under water within the limits of the town, and it is represented by and acts through twelve trustees who are elected by the people at the annual town meeting on the first Tuesday in April in each year. The trustees are clothed with full power over the town lands and have authority to sell and lease them. At the town meeting in April, 1882, among the trustees elected were Seymour L. Tooker and Nathaniel Dominy; Tooker was during the year following his election president and clerk of the board of trustees. On the 17th day of April, 1882, the following resolution, except the words italicised, was adopted at a meeting of the trustees:

"Resolved, that Marcus B. Hand, Charles J. Mulford, Nathaniel Dominy, Sr., William Cullom, William D. Conklin, George B. Edwards, be and are hereby appointed a general prosecuting committee *with power to sell or convey*, and also a committee on privileges with power to act as they deem expedient, Nathaniel Dominy, chairman of above committee." Subsequently the words italicised were inserted in the resolution by Dominy without the knowledge or consent of the other trustees, and without any authority. The resolution as passed was recorded in the book of records kept by the trustees and the italicized words were interlined. Dominy also wrote in the book of records another resolution conferring authority upon the committee to sell the town lands, which resolution was not passed by the board of trustees and was written in the book of records without their knowledge or consent. In the fall of that year the defendant entered into negotiations

with Dominy to purchase a large quantity of town lands, and these resolutions were shown to his agent who conducted the negotiations, and a deed in due form was executed by Seymour L. Tooker, one of the trustees, who affixed the seal of the town thereto, and the defendant paid $200, the purchase price thereof to Dominy and took the deed. The deed was dated and executed on the 14th day of December, 1882. This action was commenced in February, 1888, to set aside and cancel that deed on the ground that it was executed without authority of the trustees and was, therefore, void and a cloud upon the title of the plaintiff to the land. The plaintiff in its complaint alleges that the deed was made, executed and recorded without any authority and that it had no validity whatever, and it demanded judgment that it be set aside and canceled of record as a cloud upon its title. The answer of the defendant put at issue the material allegations of the complaint and the action came on for trial at a Special Term of the Supreme Court, and the trial judge found that the deed was executed without authority and ordered it to be set aside and canceled of record.

*Thomas Young* for appellant. The irregularities complained of (if any) were those of the plaintiffs' agents, with which the defendant had nothing to do, and of which he was ignorant until long after the transaction was completed, the deed taken and the purchase money paid. He cannot be held responsible for them. (2 Morawetz on Corp. § 610.) The plaintiffs cannot maintain this suit, because, with knowledge of the facts, they have prosecuted a suit for the purchase money to judgment, and have thereby elected their remedy and ratified the deed. (*Gardner* v. *Ogden,* 22 N. Y. 327; *Bank* v. *Beal,* 34 id. 473; *Sanger* v. *Wood,* 3 Johns. Ch. 416; *Morris* v. *Rexford,* 18 N. Y. 552; Herman on Est. 1172, 1173, 1183; Morawetz on Corp. § 618; *Masson* v. *Boret,* 1 Den. 69; *Cobb* v. *Hatfield,* 46 N. Y. 533; *Gould* v. *C. C. N. Bank,* 86 id. 75; *Strong* v. *Strong,* 102 id. 69; *Wheaton* v. *Baker,* 14 Barb. 594.) The complaint does not

allege, nor does the evidence prove, an equitable cause of action against the defendant, to remove an alleged cloud upon title, for the reason that the plaintiffs have not shown that they are in possession of the property. (*Moores* v. *Townsend*, 102 N. Y. 387; 1 Wait's Act. & Def. 666; *Thomas* v. *M. M. P. Union*, 121 N. Y. 46, 52; *D. & H. C. Co.* v. *Atkins*, Id. 246, 249.) The complaint is also defective because no fraud is alleged; no facts constituting fraud; no facts showing want of authority to execute and deliver the deed, and no facts showing invalidity of the deed. (*Butler* v. *Veils*, 44 Barb. 166.) If we are correct in our contention that the complaint does not allege an equitable cause of action, such defect cannot be supplied by amendment, nor be regarded as amended so as to permit the plaintiffs to recover upon a legal cause of action. (*Heywood* v. *City of Buffalo*, 14 N. Y. 435, 540; *Bockes* v. *Lansing*, 74 id. 437; *Moores* v. *Townsend*, 102 id. 393.) In no event could the plaintiffs maintain a suit of this kind without returning or offering to return the purchase money. (*Bartholomew* v. *Finnemore*, 17 Barb. 428; *S. N. Co.* v. *Weed*, Id. 382; *Baker* v. *Robbins*, 2 Den. 138; *Willson* v. *Foree*, 6 Johns. 110.)

*Wilmot M. Smith* for respondent. The trial court found, as matter of fact, that the resolutions upon which the deed was based were forgeries, and that the subsequent board of trustees sued their predecessors in an action for an accounting, in ignorance of the forgery and fraud, and prosecuted the same to judgment while still ignorant, and these findings have been affirmed by the General Term, so that this court will not review such findings. (Code Civ. Pro. § 1337.)

EARL, J. There was no dispute at the trial that the deed from the town to the defendant was in fact executed without authority, and that the apparent authority found in the town records was actually forged and spurious. The town was not bound by the representations of Dominy as to his authority to deal with the defendant, because he was not in fact the agent of the town for the sale of these lands, and had no

apparent authority to dispose of them. Separate from the other trustees, he had no agency or authority whatever. The trustees as a body were the agents of the town, and no one trustee could act separately and independently for the town unless duly authorized to do so by the trustees acting as a body, and hence no representations that he could make and no action that he could take individually could in any way affect the rights of the town. Hence the rule laid down in Morawetz on Corporations (Vol. 2, p. 610), and in the authorities there referred to, to which our attention is called by the defendant's counsel, has no·application to this case. We, therefore, start in the discussion of this case with the fact that the defendant has placed upon record and holds a deed which is in fact invalid, under which he asserts title to the lands.

The counsel for the defendant, however, contends that the action cannot be maintained for the reason that no facts are alleged in the complaint or found by the trial judge which entitled the plaintiff to maintain this equitable action to remove the cloud upon its title caused by the defendant's void deed, and he cites *Moores* v. *Townshend* (102 N. Y. 387). No such objection was made at the trial. It was not there claimed that the complaint was not sufficient, or that the facts proved on the part of the plaintiff did not entitle it to equitable relief. If any objection had there been made to the complaint an amendment thereof might have been allowed, and· the objection cannot be taken here for the first time. Even if there should have been some other findings to justify the equitable relief, the judgment should not, for that reason, be reversed, if evidence be found in the case which would justify other findings necessary to uphold the judgment. When we look into the evidence, what do we find? That there is a void deed placed upon record constituting a cloud upon the plaintiff's title. The invalidity of the deed·can be shown only by parol evidence, and is not matter of record; and the evidence does not show that the defendant is so in the possession of the land that the plaintiff could maintain an action of ejectment. Under such circumstances, we think it cannot be suc-

cessfully disputed that the plaintiff is in a position to maintain this equitable action for relief, and we know of no authority in this court holding otherwise. (*Lattin* v. *McCarty*, 41 N. Y. 107; *Remington Paper Co.* v. *O'Dougherty*, 81 N. Y. 474.)

But the main defense relied upon by the defendant at the trial, and now relied upon, grows out of the facts now to be stated. The defendant paid Dominy for the land $200, which he kept and appropriated to his own use. In August, 1884, the trustees of the town then in office, commenced a suit against the persons who were trustees during the year in which the deed to the defendant was given, to compel them to account for and pay over certain moneys belonging to the town, and in that action, among other claims made against Dominy as a defendant therein, the plaintiff claimed to recover the $200, paid to him by the defendant. That action was tried and proceeded to judgment, and the plaintiff among other things recovered judgment against Dominy for that $200, and execution upon that judgment was issued against him and returned unsatisfied. Thus the town has failed to collect or receive the money paid to Dominy by the defendant for the land. The claim on the part of the defendant is that the plaintiff in that action proceeded to judgment and execution, knowing that the deed was executed without authority and that the money was received by Dominy without authority, and that thus it ratified Dominy's unauthorized act and became bound thereby. It is quite true that the trustees acting for the town and clothed with authority to convey these lands could ratify the unauthorized conveyance which had already been made to the defendant, and that the town could be bound by their ratification. But before a principal can be held to have ratified the unauthorized act of an assumed agent he must have full knowledge of the facts, so that it can be said that he intended to ratify the act. If his knowledge is partial or imperfect he will not be held to have ratified the unauthorized act, and the proof of adequate knowledge of the facts should be reasonably clear and certain, particularly in a case like this, where, so far as the record discloses, no substantial harm has come to the defendant from

the delay or the acts of the principal. In this case it is found and appears from the evidence clearly that the trustees who brought the action against Dominy and others for the accounting had at and before the commencement of the action no knowledge whatever of the fraud perpetrated upon the town by the unauthorized execution of the deed. During the progress of the trial of that action, however, there was some evidence tending to show the unauthorized execution of the deed by Dominy; but the proof was given by the defendants who were resisting payment to the plaintiff in that action, and, as the trial judge found, the trustees of the town did not believe that evidence thus given by the parties sued in their defense to that action, and it is found that they proceeded to judgment and execution in ignorance of the fraud which had been perpetrated by Dominy upon the town. We do not, therefore, think that the ratification on the part of the town by its trustees was so clearly and unequivocally established that we would be authorized to reverse this judgment. Before a municipal corporation can be held to have ratified the unauthorized act of its officers or assumed agents, the rule should be strictly enforced that the facts constituting the ratification should be fully and clearly proved, so that it can fairly be said that there was an intention to confirm the unauthorized act and receive the fruits thereof. Here there is no conclusive proof to that effect.

But as the plaintiff now holds a judgment against Dominy in which the $200 paid to him by the defendant is included, we think that as a condition of relief in this action it should be required to assign so much of that judgment as relates to the $200 to the defendant.

Our conclusion, therefore, is that the judgment entered at the Special Term should be so far modified as to require the plaintiff to assign to the defendant so much of the judgment recovered by it against Dominy as represents the $200 paid by the defendant to him, and as thus modified it should be affirmed, with costs.

All concur.

Judgment accordingly.