## BOOTH et al. v. NEWTON.

(Supreme Court, Appellate Division, First Department. December 22, 1899.)

1. SALES—ACTION FOR PRICE.

Where plaintiffs sought to recover for goods sold to defendant's decedent, and the evidence showed that the goods were sold to another party, who was acting for himself, and that the defendant's decedent guarantied payment, the complaint should have been dismissed.

2. PRINCIPAL AND AGENT.

Statements of a party that he was acting as the agent of another are inadmissible to prove the agency.

3. SALES—PRINCIPAL AND AGENT.

Where plaintiffs sought to recover for goods sold to a third party as the agent of defendant's decedent, and it appeared that when the sale was made such party was acting for himself, and that defendant's decedent guarantied payment, it was error to refuse an instruction that, if the transaction constituted a sale to the third party, and payment

was guarantied by defendant's decedent, the verdict should be for the defendant.

**4. SAME.**

Where the seller of goods seeks to show that the purchaser acted as the agent of another, it is not enough to show that such an agency existed at some other time, but it must be shown that the agency existed at the time of the sale.

Appeal from trial term, New York county.

Action by Alfred Booth and others against Harrie G. Newton, as executor of the estate of Henry Newton, deceased. Judgment for plaintiffs. Defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

E. H. Benn, for appellant.

N. T. M. Melliss, for respondents.

McLAUGHLIN, J. This action was brought to recover the purchase price of certain goods alleged to have been sold and delivered between the 27th day of July and the 6th day of November, 1891, to Henry J. Newton, the defendant's testator. The answer denied the sale and delivery. The plaintiffs had a verdict for the amount claimed, and from the judgment entered thereon the defendant has appealed.

At the trial it appeared that prior to March, 1888, a firm by the name of Van Gelder Bros., which was composed of Henry and Charles Van Gelder, made a general assignment for the benefit of creditors to the said Henry J. Newton; and that in certain actions thereafter brought against him to recover the purchase price of goods sold and delivered to the Van Gelder Brothers, Newton testified that he employed the assignors to sell and dispose of the assigned estate, and, after the same had been disposed of, he permitted them to carry on business in his name, and to purchase goods as his agent; that in March, 1891, Henry Van Gelder called upon the plaintiffs, and had a conversation with one of them—Julius Kuttner—in reference to purchasing goods, and that he then stated, in substance, that he would like to buy some goods if the plaintiffs' firm would sell them to him on the same terms that they sold to other customers, and that, if they would do so, Newton (referring to the said Henry J. Newton) would "back him up"; that he desired the goods delivered at his factory, No. 163 Bleecker street, together with duplicate bills, one of which he stated he would take to Newton, have him write across the face of it "Payment guarantied," and then return it to the plaintiffs; that in this conversation and a subsequent one Van Gelder stated, in substance, that he was acting as the agent of Newton, and making the purchases for him. In pursuance of these conversations the plaintiffs delivered to Van Gelder, at his factory, goods referred to in the complaint, and at the time of each delivery duplicate bills, made out in the name of H. J. Newton, were sent to Van Gelder, one of which, in due course of time, was returned to the plaintiffs with the words, "Payment guarantied. H. J. Newton," written across the face. Only the first bill of goods delivered was paid. A bill for goods delivered on the 27th of July, 1891, not having been paid, and the term of credit

given having expired, the plaintiffs, on the 29th of January, 1892, wrote to Newton the following letter:

"New York, Jan. 28th, 1892.

"Mr. Henry J. Newton, City—Dear Sir: We beg to inform you that Mr. Van Gelder has failed to pay bill of July 27, 1891, amounting to $563.58, as per statement herewith, and under your guaranty we look to you for the payment of this bill. Kindly send us your check at your earliest convenience, and much oblige,　　Yours, truly,　　　　　　　　　.　　Booth & Co. .
"Jul. Kuttner."

As each bill of goods thereafter became due, a letter making a similar demand was sent to Newton by the plaintiffs, and on the 15th of February, 1892, their attorneys sent to him the following letter:

"25 Pine Street, New York, Feb. 15th, 1892.

"Mr. H. J. Newton, 128 West 43rd St., New York City—Sir: Please take notice that we hereby demand from you payment of the following sums of money, with interest from the dates written opposite said sums, respectively, and all of which are due from you on your written guaranty to pay the same to Messrs. Booth & Co., of No. 88–90 Gold street, this city. [Here followed the amounts claimed.]

"Yours, etc.,　　　　　Melliss & Richards, Attorneys for Booth & Co."

A letter making a similar demand was also sent by these attorneys to Newton as the payment of each of the bills thereafter became due. Newton did not pay, and the plaintiffs commenced three actions to recover from him the purchase price, upon the ground that he had guarantied the payment of the same. In the complaints—which were verified—in those actions the plaintiffs alleged, not on information and belief, but as a fact, that, "in consideration of plaintiffs' said firm extending the time for the payment of said sums by said Van Gelder for the period of six months, the defendant, by an instrument in writing, guarantied the payment to the plaintiffs' said firm of the full amount of said bills." All those actions, after issue had been joined, were, by consent, discontinued. Newton died December 23d, 1895, and on the 26th of March, 1896, this action was brought against his executor. At the close of the plaintiffs' case the defendant moved to dismiss the complaint, which motion was denied, and an exception taken. The defendant then read the deposition of Henry Van Gelder, in which he stated, in substance, that in making the purchases of the goods referred to in the complaint he acted, not as the agent of Newton, but for himself; that Newton had no interest in or connection with the transaction other than to guaranty the payment of the goods purchased by him, and at the time of the purchase these plaintiffs were so informed. He denied that he informed the plaintiffs that he was acting as the agent of Newton, or making the purchases for him. At the close of the whole case the defendant renewed his motion to dismiss the complaint upon the ground stated in the former motion, which was, among others, that the plaintiffs had failed to establish that Van Gelder, in making the purchases, was the agent of Newton, or was authorized to act for or bind him in any way; and also upon the ground that the testimony showed that Newton did not purchase the goods as alleged in the complaint, and that his only relation in connection with the transaction was that of a guarantor. The motion was again denied, and the defendant excepted.

730      61 NEW YORK SUPPLEMENT                          (Sup. Ct.
                        and 95 New York State Reporter.

The testimony introduced was such that it manifestly would have justified the trial court in dismissing the complaint. The proof was insufficient, not only to establish the agency of Van Gelder, or authority on his part to bind Newton in making the purchases, but it negatived that fact. It appeared (1) that all the arrangements as to the purchases were made with Van Gelder, and the goods were all delivered to him; (2) that, Van Gelder having failed to pay, the plaintiffs demanded payment of Newton, not because he had purchased the goods, but because he had guarantied the payment; (3) that the plaintiffs' attorneys demanded payment from Newton on the ground that he had guarantied the payment, and not because he was liable as the purchaser; (4) that in the actions brought against Newton which were discontinued the plaintiffs alleged that Van Gelder was the purchaser, and that the defendant was liable because he had guarantied the payment. In addition to these facts, Van Gelder testified that in making the purchases he did not act for or represent Newton; that he acted for himself, and no one else; and that in the interviews, or some of them, when the purchases were made, he informed Kuttner, one of the plaintiffs, that he was acting for himself. The fact that the plaintiffs made out their bills in Newton's name could not, in and of itself, bind him any more than could the declaration of Van Gelder that he was acting for Newton. This being the condition of the testimony at the close of the whole case, it seems to us the complaint should have been dismissed.

We think the court erred in not excluding the testimony of plaintiffs' witnesses to the effect that Van Gelder stated, in conversations with one of the plaintiffs, that in making the purchases he was acting as the agent of and represented Newton, and that the purchases were for him. Manifestly, Van Gelder could not constitute himself an agent of Newton by saying so. The rule is too well settled to require the citation of authorities that one cannot constitute himself the agent of another by his own declarations. The defendant duly objected to the admission of this kind of testimony. The objections were overruled, and exceptions taken. The objections should have been sustained, and the testimony excluded, and for the errors thus committed the judgment must be reversed.

The judgment must also be reversed for errors committed by the learned trial justice in submitting the case to the jury. The theory upon which the plaintiffs claimed the right to recover was that the goods were sold and delivered to Newton; that Van Gelder was Newton's agent, and what he did bound Newton. The theory of the defense was that the goods were sold and delivered to Van Gelder, and that Newton was liable, if at all, not as a purchaser, but solely as a guarantor. This was the principal issue tried, and therefore no good reason can be suggested why the learned trial court should have refused to charge the following request of the defendant:

"If the jury, from the evidence, finds that the transactions between the parties constituted a sale by the plaintiffs to Van Gelder, and an agreement by Newton to guaranty payment, their verdict must be for the defendant."

An exception was taken to the refusal, and we think the exception well taken. We are also of the opinion that the learned trial justice

erred in refusing to charge each of the following requests, and that the defendant's exception to each refusal was well taken:

(1) "That mere declarations of Van Gelder that he was acting as agent for Newton are not sufficient to prove the agency. The jury must find that there has been other evidence of agency in addition. If they fail to find it, their verdict must be for the defendant." (2) "It is not enough that the plaintiff should establish an agency of Van Gelder for Newton for the purpose of purchasing goods at some other time or times. The plaintiff is bound to establish by a preponderance of evidence that at the time that Van Gelder purchased the goods in suit from the plaintiffs he then was the duly-authorized agent of Newton to do so."

Other requests to charge were refused, which, in our opinion, should have been granted; but it is unnecessary to specify them in detail. Enough has been said to show that the judgment and order must be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.