GEORGE W. PRICHARD and HENRY A. OZANNE, Respondents, *v.* AUGUSTA C. A. SIGAFUS and E. MARION BIRD, Appellants, Impleaded with JAMES M. SIGAFUS and J. EVERITT BIRD, Defendants.

*Action in New York on a judgment rendered in New Mexico — burden of proving that the appearance for the defendant in the New Mexico action was authorized — the United States Constitution does not create a presumption that it was authorized — a principal before he can be held to ratify an assumed agent's acts must have knowledge of them.*

The rule that a judgment debtor who was not served with process in the action in which the judgment was rendered, but for whom an unauthorized appearance was entered therein by an attorney, cannot attack the judgment for want of jurisdiction, applies only to domestic judgments; it has no application to a judgment rendered by a court in the Territory of New Mexico, which is sought to be enforced by action in the courts of the State of New York.

This limitation of the rule is not inconsistent with the requirement of the Constitution of the United States that full credit be given in each State to the judgments of other States.

What proof is insufficient to justify a jury in finding that the party for whom the unauthorized appearance was entered ratified such appearance, considered.

Before a principal can be held to have ratified the unauthorized act of an assumed agent, he must have full knowledge of the facts so that it can be said that he intended to ratify the act. If his knowledge is partial or imperfect, he will not be held to have ratified the unauthorized act, and the proof of adequate knowledge of the facts should be reasonably clear and certain.

FIRST DEPARTMENT, APRIL, 1905.          [Vol. 103.

APPEAL by the defendants, Augusta C. A. Sigafus and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 13th day of April, 1904, upon the verdict of a jury, and also from separate orders entered in said clerk's office on the 28th day of April, 1904, denying respectively the said defendants' respective motions for a new trial made upon the minutes.

*Henry B. Johnson,* for the appellants.

*H. Aplington,* for the respondents.

PATTERSON, J.:

The plaintiffs' assignor recovered a judgment in the fifth judicial district of the Territory of New Mexico against James M. Sigafus, Augusta C. A. Sigafus, J. Everett Bird and E. Marion Bird, who are also the defendants herein. It is alleged in the complaint in the present action that all the defendants in the action in New Mexico duly and voluntarily appeared by James E. Wharton, their duly authorized attorney, and filed a plea or answer therein, and that thereupon a trial was had in accordance with the law then existing in the Territory of New Mexico and that the court had jurisdiction of the subject-matter and of each of the defendants therein; that such proceedings were had in that court as resulted in the judgment now sued upon, no part of which has been paid. All the defendants in this case answered, the present appellants, Mrs. Sigafus and Mrs. Bird, setting up in their answers that they did not voluntarily appear in the case in New Mexico and that they never authorized Mr. Wharton to appear for them in that action. The evidence in the present case established that no direct authority was given to Mr. Wharton to appear for Mrs. Sigafus and Mrs. Bird, and Mr. Wharton himself testifies that he did not receive from those ladies any authority to appear; that he never was in communication with them or either of them respecting the action in which he appeared, but that he assumed from commu̶ ̶ations and correspondence had with the defendants James M. Sigafus and J. Everett Bird that he was authorized to appear for all the defendants.

It is not distinctly claimed by the respondents that the judgment

of the court in New Mexico is not open to attack by these appellants. The point is not expressly made, but it is urged that the foreign judgment is conclusive upon the merits. The intimation at least is that the appellants are bound by the judgment in New Mexico and that their only remedy was to move to set aside the judgment in the court in which it was rendered or to sue the attorney who appeared for them, and in this connection are cited the cases of *Brown* v. *Nichols* (42 N. Y. 26); *Hamilton* v. *Wright* (37 id. 502); *Ferguson* v. *Crawford* (70 id. 253). Those cases and others. hold that as to a domestic judgment, strictly, a party not served and for whom an unauthorized appearance is entered by an attorney cannot attack the judgment for want of jurisdiction. But in *Vilas* v. *P. & M. R. R. Co.* (123 N. Y. 455) it is held that the rule announced in those cases does not apply to such a judgment as that upon which this action is brought. The court says: " It is well settled that, in an action brought in our courts on a judgment of a court of a sister State, the jurisdiction of the court to render the judgment may be assailed by proof that the defendant was not served and did not appear in the action, or where an appearance was entered by an attorney, that the appearance was unauthorized, and this even where the proof directly contradicts the record. (*Starbuck* v. *Murray*, 5 Wend. 148 ; *Shumway* v. *Stillman*, 6 id. 447; *Kerr* v. *Kerr*, 41 N. Y. 278 ; RAPALLO, J., *Ferguson* v. *Crawford*, 70 id. 257.) The same rule is held elsewhere, and is not inconsistent with the constitutional obligation under the Constitution · of the United States* that full faith and credit shall be given in each State to the judgments of other States. (*Gilman* v. *Gilman*, 126 Mass. 26 ; *Wright* v. *Andrews*, 130 id. 149 ; *Thompson* v. *Whitman*, 18 Wall. 457 ; *Knowles* v. *Gas Light & C. Co.*, 19 id. 58.)"

If, then, the question arises in this case as to the rights of these appellants to contradict the record of the judgment, it is settled adversely to the respondents. But under the charge of the trial judge, it may be said that the question does not really arise. The jury were charged that " the courts have such high regard for the validity of a court record that wherever an attorney appears in a

---

* U. S. Const. art. 4, § 1.— [REP.

FIRST DEPARTMENT, APRIL, 1905.                    [Vol. 103.

case for a client, the presumption is that he was authorized by his clients to appear for them ; and whenever that question of authority is disputed, the burden is not upon the plaintiff to show that the attorney had the authority, because the law presumes that he had it, but the burden is upon the defendants, or the persons who question the authority, to prove it." And they were further charged that " if any of these three defendants has satisfied you by the evidence before you that the attorney had no authority to appear for them, you will give them a verdict; but if they have not satisfied you that this attorney's authority was unauthorized,   *   *   * you must give the plaintiff a verdict." The court also charged that " Unless this attorney had the authority to appear for these defendants, then the court never acquired jurisdiction over them, and the judgment of the court is an absolute nullity. But as I say in respect to that question of jurisdiction the presumption is that all of these defendants gave the attorney authority. The presumption is that the attorney would not appear without having authority."

These extracts from the charge of the learned trial judge fully indicate that the court held that the judgment in New Mexico was open to attack on the ground of want of jurisdiction. The court also charged the jury as follows : " Even where there is no express authority in the first instance, if there be a subsequent ratification of an unauthorized act previously done, then the consequences are just as binding upon the party. Ratification, however, implies a knowledge on the part of the person ratifying an unauthorized act of all its details. In other words, there cannot be a ratification unless the person who is charged with ratifying is familiar with the unauthorized act which preceded the alleged ratification."

We think it is not to be doubted from the whole evidence that no authority was ever given by Mrs. Sigafus and Mrs. Bird to Mr. Wharton ; and that was the view first taken by the learned trial judge and acceded to by the plaintiffs' counsel and a direction was given to dismiss the complaint as to these two appellants and a third defendant; but subsequently the court withdrew its ruling and concluded to allow the case to go to the jury as to all the defendants, which was duly excepted to.

We are not able to discover from this record any evidence that Mr. Wharton was employed or retained by or authorized to appear for

Mrs. Sigafus and Mrs. Bird.  He never saw them and never communicated with them, as he himself testifies.  His only reason for appearing for them was that he supposed they were merely nominal parties; and that Bird was the only real party in interest in the action and that he had no other reason for appearing for the other defendants.  The testimony, therefore, of Mrs. Sigafus and Mrs. Bird, that they never authorized Mr. Wharton to appear, was corroborated by that witness.  The jury were entitled undoubtedly to pass upon the credibility of these ladies as interested parties, but their testimony was so strongly fortified by that given by the attorney that if their verdict was based on the theory of an original employment it was against the weight of evidence.

It is claimed that there was a ratification of the employment, and that subject was submitted to the jury.  The evidence relating to it is insufficient to establish such ratification.  It may be that James H. Sigafus told his wife that she was a defendant in the suit and that Mrs. Bird knew a judgment had been entered against her and took no proceedings to vacate it, but we do not see that she was called upon to do so.  It does not appear that either of these ladies knew the circumstances under which such judgment had been obtained, or that any one had appeared for them on the trial of the action in New Mexico.  Mr. Sigafus testified that he told his wife of the action, but at the same time he says : " When this suit was advertised and papers sent, my wife felt very much worried.  I told her that it did not affect her in any way as she did not have any interest in the property, as the records will show, and that  *  *  * it was simply a drag net to catch everybody."  As Mr. Sigafus' testimony is relied upon to establish ratification by his wife, it must be taken in its entirety.  " Before a principal can be held to have ratified the unauthorized act of an assumed agent, he must have full knowledge of the facts so that it can be said that he intended to ratify the act.  If his knowledge is partial or imperfect, he will not be held to have ratified the unauthorized act, and the proof of adequate knowledge of the facts should be reasonably clear and certain." (*Trustees, etc., v. Bowman,* 136 N. Y. 526.)  .

We are of the opinion that the proof of ratification in this case was entirely insufficient to justify a verdict for the plaintiffs on that ground.  The judgment and order denying a motion for a new trial

should, therefore, be reversed and a new trial ordered, with costs to the appellants to abide the event.

VAN BRUNT, P. J., INGRAHAM, MCLAUGHLIN and LAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellants to abide event.