WELTMAN et al. v. KOTLAR.

(Supreme Court, Appellate Division, Second Department. February 28, 1908.)

PRINCIPAL AND AGENT—PROOF OF RELATION—AGENT'S DECLARATION.

    Agency cannot be proved by declarations of the agent. .

    [Ed. .Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 40.]

    Hooker, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Samuel Weltman and another against Louis Kotlar. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Max Salomon, for appellant.
Stone & Chugerman, for respondents.

PER CURIAM. The plaintiffs have recovered a judgment for use and occupation of certain premises. Rothenberg was the original tenant of the premises as a shopkeeper, and the theory of the plaintiffs is that the defendant took his place. There is no proof of any dealings of any kind between the plaintiffs and the defendant; but the plaintiffs rely upon certain declarations made to their agent by Rothenberg as to his agency for the defendant and his promise as such agent. But agency cannot be proved by the declarations of the agent, and the defendant's objection and exception to this testimony was well taken.

The plaintiffs insist, however, that this testimony was made competent because they read in evidence a certain agreement of record between Rothenberg and the defendant, whereby such agency was established. But the agreement must be read as a mortgage of the stock in trade of Rothenberg as security for a loan, with the further provision that Rothenberg may continue his business, sell the stock, account therefor, and deduct a certain amount weekly from the sales for his living expenses. It is true that the agreement contains a provision that the mortgagee at any time may go into possession; but the proof is not sufficient to establish that the defendant ever went into possession so as to become liable to the plaintiff for use and occupation of the premises.

For these reasons, the judgment must be reversed, and a new trial be ordered, with costs to abide the event.

HOOKER, J., dissents.