WHITE v. GLOVER.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

1. JUDGMENT (§ 818*)—FOREIGN JUDGMENTS—RECOGNITION—PRESUMPTION OF JURISDICTION—SHOWING WANT THEREOF.

The presumption of jurisdiction adheres to a judgment of a court of general jurisdiction in another state, but is not conclusive, and a recital in the record that defendant was served or appeared by attorney, or of any other jurisdictional fact, may be contradicted by extrinsic evidence.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1458–1481; Dec. Dig. § 818.*]

2. JUDGMENT (§ 818*)—FOREIGN JUDGMENTS—VALIDITY AGAINST NONRESIDENT.

A personal judgment in another state against a resident of this state is void, and cannot be enforced where he did not appear or authorize an appearance.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1458–1466; Dec. Dig. § 818.*]

3. COURTS (§ 11*)—JURISDICTION—REQUISITES.

There must be either personal service of process or appearance by defendant to confer jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 32, 42–44; Dec. Dig. § 11.*]

4. ACTION (§ 16*)—ACTION IN PERSONAM AND IN REM—DISTINCTION BETWEEN.

An action in personam is distinguished from an action in rem in that, in the latter, a valid judgment may be obtained, which will bind the res, without personal service of process; while, in an action to procure a judgment in personam, process must be personally served or there must be a personal or authorized appearance.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 91; Dec. Dig. § 16.*]

5. JUDGMENT (§ 489*)—ENFORCEMENT—LACK OF JURISDICTION AS DEFENSE.

Lack of jurisdiction of the person in an action wherein a personal judgment is recovered may be interposed when the judgment is sought to be enforced, or when any benefit is claimed under it.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 924, 925; Dec. Dig. § 489.*]

6. JUDGMENT (§ 818*)—FOREIGN JUDGMENT—ACTION THEREON—WANT OF AUTHORITY TO APPEAR—PROOF THEREOF.

In an action on a foreign judgment in personam, defendant had a right to show that the attorney who appeared for her never was authorized to do so.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1458–1481; Dec. Dig. § 818.*]

7. JUDGMENT (§ 818*)—COLLATERAL ATTACK.

The rule that the judgment founded on an unauthorized appearance cannot be attacked collaterally applies only to domestic, and not to foreign, judgments.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1458–1481; Dec. Dig. § 818.*]

Appeal from Special Term, New York County.

Suit by Edward White against Augustus Patten Glover. From a judgment for defendant (116 N. Y. Supp. 1059), plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Otto A. Gillig, for appellant.
Christian G. Moritz, for respondent.

McLAUGHLIN, J.  This action was brought upon a judgment alleged to have been recovered by the plaintiff against the defendant in the circuit court of the city of St. Louis, Mo., on the 22d day of May, 1901.  It was tried at Special Term, a jury having been waived, and resulted in a dismissal of the complaint.  The plaintiff appeals.

The defense to the action was that the courts of Missouri did not obtain jurisdiction of the defendant, and she never authorized any one to appear for her in the action.  The summons in the Missouri action is claimed to have been served on the defendant May 14, 1898, by substituted service.  According to the certificate of the sheriff, the service was made by his leaving a copy of the writ and petition "at his usual place of abode with a person of his family over the age of 15 years:" After such service, one John M. Glover, an attorney at law, and who was the husband of the defendant, appeared in the action for her.  At the trial it appeared that John M. Glover at the time the service was made resided in St. Louis, Mo., but that his wife, the defendant, for nearly two years prior thereto had lived separate and apart from him at Tuxedo, N. Y., during which time he had not contributed anything towards her support or maintenance; that in March, 1898, she went to St. Louis and remained there until the 1st of May for the purpose of obtaining a separation from her husband, and during that time lived separate and apart from him.  The attorney of record in the Missouri action testified on this trial that he saw the defendant on a street car in St. Louis in company with her husband on May 8, 1898.  His testimony, however, was somewhat weakened by the fact that he had no personal acquaintance with her and that she had merely been pointed out to him as the wife of John M. Glover.  The defendant testified she was not in St. Louis after the 1st of May, 1898, and was at no time while there on a car with her husband.  She was corroborated as to the time she left St. Louis for New York by her daughter.  She also testified she never authorized John M. Glover to appear for her in the action, and her testimony in this respect is uncontradicted.

The court found as a fact that for more than a year prior to the 1st of May, 1898, she had lived separate and apart from her husband, at her own home in Tuxedo, N. Y., during which time the husband had not contributed anything towards her support; that she was not in St. Louis at the time the summons is alleged to have been served upon her, having left there on the 1st of May, and has not since resided there, but has continued to live separate and apart from her husband.  He also found that the attorney who appeared in that action was not authorized by her to appear, and she had no knowledge of that action until the judgment was rendered.

The appellant contends that, notwithstanding the above findings— which there is an abundance of evidence to sustain—nevertheless, the defendant cannot attack the validity of the judgment so sought to be enforced in this state by showing that the courts of Missouri never obtained jurisdiction over her; in other words, his claim is that her husband was domiciled in and a resident of St Louis, Mo., and there-

fore that place was, prima facie, her domicile and residence, in the absence of proof showing she was entitled to a divorce and for that purpose obtained a domicile separate and apart from him. The contention is based upon an erroneous view as to the force and effect which this state will give to a judgment obtained in another state when sought to be here enforced. A judgment of a court of general jurisdiction of another state is entitled to the benefit of the presumption of jurisdiction which exists in favor of judgments of our own courts; but the want of jurisdiction "may be shown by extrinsic evidence, and even a recital in the judgment record that defendant was served or appeared by attorney, or of any other jurisdictional fact, is not conclusive and may be contradicted by extrinsic evidence." Woodward v. Mutual Reserve Life Insurance Co., 178 N. Y. 485, 71 N. E. 10, 102 Am. St. Rep. 519; Hunt v. Hunt, 72 N. Y. 217, 28 Am. Rep. 129. A personal judgment obtained in the courts of another state against a resident of this state, where he has not appeared or authorized an appearance in the action, is void and cannot be here enforced. There must be either personal service of process or an appearance by the defendant to confer jurisdiction. One or the other of these facts must be proved to enable our courts to take jurisdiction. This is the distinction between an action in personam and an action in rem. In an action "in rem," a valid judgment may be obtained so far as it affects the res without personal service of process; while in an action to recover a judgment "in personam" process must be personally served, or there must be a personal or authorized appearance in the action. People v. Baker, 76 N. Y. 78, 32 Am. Rep. 274; Lynde v. Lynde, 162 N. Y. 405, 56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep. 332. Otherwise, jurisdiction of the person is not obtained, the lack of which may be interposed when the judgment recovered is sought to be enforced or when any benefit is claimed under it. Matter of Kimball, 155 N. Y. 62, 49 N. E. 331.

As to the appearance of Glover in the action as defendant's attorney, the proof is uncontradicted that he never was authorized to appear. This fact she had a right to show. The rule that a judgment founded on an unauthorized appearance cannot be attacked collaterally applies only to judgments recovered in the courts of our own state; it does not apply to foreign judgments. This was clearly stated in the Vilas Case, 123 N. Y. 440, 25 N. E. 941, 9 L. R. A. 844, 20 Am. St. Rep. 771; the court saying:

"It is well settled that, in an action brought in our courts on a judgment of a court of a sister state, the jurisdiction of the court to render the judgment may be assailed by proof that the defendant was not served and did not appear in the action, or, where an appearance was entered by an attorney, that the appearance was unauthorized, and this even where the proof directly contradicts the record."

See, also, Prichard v. Sigafus, 103 App. Div. 535, 93 N. Y. Supp. 152.

The judgment appealed from, therefore, is affirmed, with costs. All concur.