## MITCHELL v. GENNIS.

(Herkimer County Court.   June 24, 1910.)

1. PRINCIPAL AND AGENT (§ 22*)—PROOF—EVIDENCE OF RELATION—DECLARA-
   TIONS OF AGENT.
   Agency cannot be proved by the declarations of the agent made in
   the absence of the principal.
   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 40;
   Dec. Dig. § 22.*]

2. PRINCIPAL AND AGENT (§ 170*) — LIABILITY OF PRINCIPAL — ACTS OF AS-
   SUMED AGENT—RATIFICATION.
   While a principal cannot be deemed to have ratified the act of an as-
   sumed agent, unless he has full knowledge of the facts, yet where he re-
   ceived; retained, and exercised dominion over goods shipped to him on
   the assumed agent's order, and promptly received statements of account
   without making a seasonable objection, he is liable.
   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§
   638–643; Dec. Dig. § 170.*]

3. PRINCIPAL AND AGENT (§ 173*)—ACTS OF AGENT—RATIFICATION—EVIDENCE.
   Evidence *held* to show a ratification by principal of purchases made
   by assumed agent so as to render the principal liable for the price.
   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§
   659–661; Dec. Dig. § 173.*]

4. JUSTICES OF THE PEACE (§ 185*)—APPEAL—QUESTIONS OF FACT.
   The weight and value to be given conflicting testimony as to the rati-
   fication by a principal of the act of an assumed agent was for the jus-
   tice's court in which the case was tried, and not the County Court to
   which it was appealed.
   [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§
   716–720; Dec. Dig. § 185.*]

5. APPEAL AND ERROR (§ 1051*)—IMPROPER TESTIMONY—HARMLESS ERROR.
   In an action to hold a principal liable for the act of an assumed agent
   in ordering goods, although evidence was improperly admitted of dec-
   larations by the agent to prove agency, yet, where there was sufficient
   other testimony to hold the principal liable, the judgment against him
   will be sustained on appeal.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–
   4170; Dec. Dig. § 1051.*]

Appeal from Justice Court.

Action by Anna C. Mitchell against Morris Gennis.   Judgment for
plaintiff, and defendant appeals.   Affirmed.

Clarence A. Leavitt, for appellant.
W. E. Ward, for respondent.

MOORE, J.† This appeal was by stipulation submitted to the Mont-
gomery county judge for decision; the county judge of Herkimer
county being disqualified.   A judgment for $40.02 damages and $6.05

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† County Judge Joseph L. Moore, of Montgomery county, acting for the
Herkimer County Court; the judge thereof, Hon. George W. Ward, being dis-
qualified herein.

costs was rendered in justice's court in Herkimer county by a justice without a jury, in favor of the plaintiff against the defendant, and an appeal taken to the Herkimer county court. Plaintiff brought action to recover for goods shipped by her at Utica, N. Y., directed to defendant at Dolgeville, N. Y., there being three shipments, on or about March 11, March 23, and April 7, 1909, respectively. Evidence was offered by the plaintiff to the effect that one Carl Dannhauser ordered the goods on or about said three respective dates, he claiming each time to be the authorized agent for the defendant. The defendant denied having received the goods, denied having ordered them, and denied Dannhauser's agency. If the judgment had to rest on Dannhauser's declaration as to his agency, it could not stand, for the evidence was admitted under objection, and it is elementary that agency cannot be proved by the declarations of the agent made in the absence of the principal. Weltman v. Kotlar, 124 App. Div. 494, 108 N. Y. Supp. 952.

The record, however, discloses evidence tending to show that Dannhauser had a counter in defendant's dry goods department store where he sold stationery, paying defendant a commission on the goods he sold, and also selling on commission goods out of defendant's stock. The goods shipped by plaintiff to defendant were all entered on the books of the plaintiff charged to the defendant, and, when each respective shipment was made, a bill of lading showing that the shipment had been made to the defendant was obtained from the railroad, and an itemized statement of the account made out in the name of the defendant was promptly sent to the defendant by mail. Each of these shipments was received at the Dolgeville freight house by the cartman who carried goods for defendant, and was delivered by him at defendant's store. It may justly be deduced from the testimony that each shipment was delivered to and bill therefor received by defendant before next shipment was made.

It is undoubtedly true that, before a principal can be held to have ratified the act of an assumed agent, he must have full knowledge of the facts, so that it can be said that he intended to ratify the act, and that, if his knowledge is partial or imperfect, he will not be held to have ratified the unauthorized act, and that the proof of adequate knowledge of the facts should be reasonably clear and certain. Trustees, etc., v. Bowman, 136 N. Y. 526, 32 N. E. 987. If the plaintiff made these various shipments to defendant, and they were received and retained by defendant, or he assumed dominion over them, and did not return, or offer to return them to plaintiff, and defendant promptly received statements of account sent to him by plaintiff, showing sales of these goods by plaintiff to him and retained them, without seasonable objection or dissent, the foundation would seem to be laid for a good cause of action in favor of the plaintiff if defendant refused to pay for the goods, entirely independent of anything Dannhauser may have said or done.

It is true that there is evidence tending to show that defendant did not use, or have any benefit from, the goods; that he saw a box in the basement of his store with his, defendant's, name on it, and was informed by Dannhauser that he, Dannhauser, had ordered the goods

in defendant's name, and that the defendant afterward (at what time does not appear) denied Dannhauser's authority, and that plaintiff's representative stated that they would charge the goods to Dannhauser; and afterwards did make some effort to collect from Dannhauser, and other evidence tending to sustain defendant's contention. There is likewise other evidence tending to sustain the plaintiff's position.

The weight and value of all of this testimony was for the consideration of the court below, and its decision on the facts must be final on the record here presented.

Although evidence of agency that was clearly illegal and bore a material issue in the case was admitted under objection, there is abundant competent evidence in the case to support the judgment, exclusive of the evidence objected to; and the judgment should be affirmed, with costs to the respondent.