In the Matter of the Claim of BARNETT LANE (Respondent), ■ against BENJAMIN LANE, Doing Business as BENJAMIN LANE IRON WORKS, Employer, *Respondent,* ■ Impleaded with THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant. STATE INDUSTRIAL BOARD (Respondent). ■

Third Department, March 27, 1930.

*Nadal, Jones & Mowton* [*R. S. Recknagel* and *Edward P. Mowton* of counsel], for the appellant.

*Baar, Bennett & Fullen* [*Harry Greenberg* of counsel], for the employer.

PER CURIAM. The controversy is between the employer and carrier as to coverage. The former claims he was insured at the time of the accident by an oral binder. There can be no question of the validity of oral insurance if such contract was in fact made.

The sole question here is whether the carrier by any authorized agent ever agreed to an oral binder. The employer authorized its broker Fichter to obtain insurance. Fichter took the matter up with Sweeney, another broker. Sweeney made application to Brockhurst, who describes himself as a broker and ordinary agent for the carrier. He testified that he had no authority to sign or issue a policy. Brockhurst took up the matter with " a counterman " of the carrier named Daly. It appears that the latter had no authority to issue a binder. Brockhurst also spoke to an official of the company, who in effect declined to take the risk. Brockhurst asked him to at least make an inspection pending determination, and the official agreed to have that done. There was nothing apparently said about a binder in the meantime and after inspection Brockhurst was notified that the risk would not be accepted. All that was told to Sweeney was that Brockhurst had taken up the line with Mr. Daly and "turned over the line subject, of course, to a satisfactory inspection." This evidently Sweeney interpreted as an acceptance and so notified the insured through its broker.

Nowhere in the record is there proof of an oral binder issued by one in authority. The general rule is that a special agent cannot bind his principal in a matter beyond or outside the power conferred, and the party dealing with the special agent is bound to know the extent of his authority and the burden is upon him to show that the agent had the authority that he assumed to exercise. (*Dudley* v. *Perkins*, 235 N. Y. 448; *Farmers Fund, Inc.*, v. *Tooker*, 207 App. Div. 37, 40; *Wells* v. *Chaffee*, Id. 467, 469; *Struzewski* v. *Farmers' Fire Ins. Co.*, 226 N. Y. 339, 341.)

The employer evidently relied on the authority of Brockhurst. He was not authorized to make the contract of insurance. He and the other brokers were mere conduits between the employer and carrier to negotiate and deliver a contract if one were made. (*Allen* v. *German American Ins. Co.*, 123 N. Y. 6, 15, 16; *Mord* v. *Hartford Accident & Indemnity Co.*, 245 id. 279, 283.) It is not established by the evidence that there was a meeting of the minds of the parties on the contract. The transaction did not go beyond the stage of negotiation and investigation.

As the case stands, that part of the award which holds the carrier liable should be reversed, with costs against the employer. As the case has been continued, and it is possible that further proof may be made on the subject of oral binder, the matter should be remitted

to the State Industrial Board so that the rights of the claimant may not be prejudiced.

HINMAN, Acting P. J., DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

That part of the award which holds the insurance carrier liable reversed, with costs to the insurance carrier against the employer. As the case has been continued, the matter is remitted to the State Industrial Board to take further proof so that the rights of the claimant may not be prejudiced.