THE CITY OF ROCHESTER, Respondent, *v.* JOHN F. MONT-GOMERY, Appellant.

Where a judgment is recovered against, and paid by, a municipal corporation for injuries caused by an obstruction unlawfully placed by another in one of its streets, or negligently permitted to remain there without guards or lights, it may recover over against the person chargeable with the unlawful or negligent act the amount so recovered.

Where due notice of the bringing of the action against it is given by the corporation to the wrong-doer, with a claim that he will be held liable to indemnify against any recovery therein, the judgment against it is conclusive in the action by it against him, if it is shown that he unlawfully created or negligently left the obstruction, both as to the liability of the corporation to the person injured, and as to any matter which might have been urged as a defense, and so, as to contributory negligence on the part of the person injured.

Defendant, while engaged as contractor in erecting a building for plaintiff, obstructed the adjoining street with building material and rubbish, and negligently left the obstructions at night without guards or lights; in consequence one McN. in passing through the street was injured. The ordinances of the city in force when defendant's contract was made, prohibited the placing of any building materials upon the streets without permission of the proper officers; they also required all such obstructions to be enclosed with suitable barriers, and to have lights at each end during the night. Defendant had been notified by the city, before the accident, to remove the obstructions. McN. brought an action against the city to recover for the injury. Of this action defendant had notice, and, also, that he would be held liable. McN. recovered a judgment. In an action to recover over the amount of such judgment, *held*, that defendant was liable; that such liability was not affected by the fact that the building was being erected for plaintiff and on its land.

*City of B.* v. *Holloway* (7 N. Y., 497) distinguished.

Also, *held*, that the city ordinances were competent evidence.

(Argued December 6, 1877; decided January 15, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee. (Reported below, 9 Hun, 394.)

This action was brought to recover of defendant the amount of a judgment, paid by it, recovered by one Anthony McNeiss against plaintiff, for injuries sustained by reason of obstructions upon one of the city streets.

The facts appear sufficiently in the opinion.

*J. C. Cochrane*, for appellant. The city ordinances were improperly received in evidence. (*Calligan* v. *N. Y. C. & H. R. R. R. Co.*, 59 N. Y., 651.) The record of the judgment in the suit against plaintiff was only evidence as to the

amount of damages. (*Robbins* v. *Chicago*, 4 Wal. 674; *Thomas* v. *Russell*, 15 N. Y., 406; *Douglass* v. *Howland*, 24 Wend., 35.) A judgment is only conclusive against parties and privies. (24 Wend., 53; *Thomas* v. *Russ*, 15 N. Y., 407.)

*James Breck Perkins*, for respondent. It was only necessary for plaintiff to prove that the injury was caused by defendant negligently leaving the material in the street, and rendering it dangerous for travel. (*Robbins* v. *Chicago*, 4 Wal., 657; *City of Troy* v. *R. R. Co.*, 49 N. Y., 657; *City of Brooklyn* v. *R. R. Co.*, 47 id., 475, 481; *Lowell* v. *B. & S. R. R. Co.*, 23 Pick., 24, 32.) The reception of the city ordinances in evidence was proper. (*Jetter* v. *N. Y. & H. R. R. Co.*, 2 Keyes, 154; *Beisegel* v. *N. Y. C. R. R. Co.*, 14 Abb. Pr. [N. S.], 29; *McGrath* v. *N. Y. C. R. R. Co.*, 63 N. Y., 522, 530; *Massoth* v. *Canal Co.*, 64 id., 524, 531.)

RAPALLO, J. If the defendant unlawfully placed an obstruction in the street, or left it negligently without guards or lights, and McNeiss was injured in consequence, the plaintiff, although primarily liable to McNeiss, had recourse over against the defendant for the amount recovered by McNeiss, by reason of the defendant's unlawful or negligent act. (*Robbins* v. *City of Chicago*, 4 Wall., 657; *City of Lowell* v. *Short*, 4 Cushing, 275; *City of Troy* v. *R. R. Co.*, 49 N. Y., 657.)

The plaintiff having given notice to the defendant of the action brought against it by McNeiss, and that it claimed that the defendant would be liable to indemnify it against any recovery therein, the defendant, if shown to have wrongfully created or negligently left the obstruction, was concluded by the judgment in that action as to the liability of the plaintiff to McNeiss for the damages, and was consequently concluded as to any matter which might have been urged as a defense against such liability. (See cases before cited and *City of Boston* v. *Worthington*, 10 Gray, 497, 500.) The evidence offered for the purpose of proving that McNeiss

was guilty of contributory negligence was therefore properly rejected.

It was, however, incumbent upon the plaintiff in the present action to prove that the obstruction which caused the damage was unlawfully placed in the street by the defendant, or his servants, or negligently left by him unguarded and without lights. The judgment recovered by McNeiss against the city obviously did not touch that point.

The referee has found, as matter of fact. that the defendant negligently caused and suffered the street to be obstructed by building material and rubbish, so as to be in a dangerous condition for travel, and on the night of the accident negligently left such obstructions in the street without enclosing them in barriers or placing any light at either end thereof, and that McNeiss was injured by his buggy striking against the same, and his recovery against the city was for the injury sustained in consequence of such negligence of the defendant.

I think the proof was sufficient to sustain this finding. The existence of the obstructions, and that they were left unguarded and unlighted and caused the injury, was proven by the testimony of McNeiss and other witnesses, as well as by the judgment. These obstructions were opposite a building which the defendant was erecting as contractor, and consisted partly of material which was being used in the construction of the building. The defendant had been notified before the accident, by direction of the mayor of the city, to remove the obstructions, but had not done so. The ordinances of the city prohibited the placing of any building materials upon any street without permission from the mayor or superintendent of streets, and also provided that. every contractor who should leave a street obstructed with rubbish or material during the night, should cause. the same to be enclosed within suitable barriers, and place lights at each end thereof, which should be kept burning at all hours of the night.

The plaintiff's case was in our judgment fully made out, and the motion for a nonsuit properly denied. The fact mainly relied upon by the defense was that the building,

which was being erected by the defendant, was being erected for the plaintiff and on the plaintiff's land.

We fail to see that this makes any difference. The plaintiff, by contracting with the defendant for the erection of the building, did not necessarily give him license to obstruct the street, and certainly not to leave obstructions therein at night unguarded and unlighted, in violation of the ordinance.

The case of *The City of Buffalo* v. *Holloway* (7 N. Y., 497) is not analogous. There the defendant was employed by the city to dig up the street itself for the purpose of constructing a sewer, and it was held that, in the absence of any contract on the subject, it was the duty of the city, and not of the contractor, to put up barriers and lights to guard against the obstructions which it employed the defendant to make. In the case at bar the obstructions were not made in pursuance of any contract with the city, nor necessarily involved in the performance of any such contract, but were made for the convenience of the contractor, and should have been guarded and lighted by him at his own expense, even though he had not expressly stipulated to that effect.

The exception to the admission of the city ordinances in evidence is not well taken. The later cases hold that such ordinances are admissible on the question of negligence. (*Beisegel* v. *N. Y. Cen. R. R. Co.*, 14 Abb. Pr. [N. S.], 29; *Massoth* v. *Del. and H. Canal Co.*, 64 N. Y., 531; *City of Boston* v. *Worthington*, 10 Gray, 497.)

Furthermore, these ordinances were in existence when the contract was made, and gave the defendant notice of his rights. If he desired to use the street, or to throw upon the city the burden of guarding and lighting any obstructions he might desire to place therein for his own convenience, he should have required a stipulation to that effect in his contract.

The judgment should be affirmed.

All concur.

Judgment affirmed.