## SUPREME COURT.

SAMUEL BARON, respondent, agt. JACOB COHEN, impleaded, &c.

*Counsel employed by attorney to argue demurrer — scope of his authority.*

Where a counsel, employed by the attorney of defendant to argue a demurrer to the complaint, omitted to appear when the case was called, such employment did not authorize him to make a verbal stipulation, for the purpose of procuring assent to the opening of his default, that the decision upon the demurrer should be final in the case; and even were the stipulation within the terms of the counsel's authority, the defendant should be allowed on terms, upon a proper case shown, to serve his answer.

*First Department, General Term, October,* 1881.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

APPEAL from so much of an order as refused the defendant leave to answer upon a decision overruling his demurrer to the complaint.

*Benno Leowy*, for appellant.

*Rudolph Sampter*, for respondent.

PER CURIAM.— The defendant was denied leave to answer the complaint because of a verbal stipulation made by his counsel, for the purpose of procuring assent to the opening of his default, that the decision upon the demurrer should be final in the case. A default had been taken against him, and that was opened upon this understanding, and the demurrer was then brought to an argument. The counsel by whom this agreement was made was not the defendant's general counsel or attorney in the case, but he was employed by the attorney to argue the demurrer, for the reason that the attorney found it necessary to absent himself for the purpose of

Baron agt. Cohen.

attending a national political convention. The only authority given by him to the counsel was that included in his employment, which was merely to argue the demurrer. And that, by no reasonable construction of its terms, would seem to extend so far as to authorize him to deprive the defendant of his right to answer the complaint, when that was conceded only as an inducement for opening a default, taken because this counsel omitted to appear and argue the demurrer when the case was called for that purpose.

But a case was made on behalf of the defendant which entitled him to be allowed to answer the complaint, even though the agreement made by the counsel appearing in his behalf had been within the scope and terms of his authority. An affidavit of merits was presented, together with other affidavits, satisfactorily sustaining the propriety of the application made in his behalf for leave to answer. And no such delay intervened as to render the defendant chargeable with laches in bringing on the application. The order, under the circumstances, should be modified in such a manner as to permit the defendant to serve his proposed answer within twenty days after notice of this decision, without prejudice to the other proceeding in the action, upon paying the costs of the demurrer, and without costs of this appeal.