CORNING v. SPELMAN.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

INDEMNITY (§ 14*)—CONCLUSIVENESS.

    Where an owner who had employed a contractor to install plumbing in a building sued the contractor for the failure of a third person to perform his agreement, and the third person was served with the complaint alleging such failure as the basis of recovery, and he failed to defend, the judgment for the owner conclusively established the liability of the third person to the contractor:

    [Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 41; Dec. Dig. § 14.*]

    Laughlin and Clarke, JJ., dissenting.

Appeal from Trial Term, New York County.

---

Action by Edward Corning against William H. Spelman. From a judgment entered on the dismissal of the complaint on a trial before a jury, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Walter Gordon Merritt, for appellant.

Frank M. Avery (Edgar J. Phillips, on the brief), for respondent.

INGRAHAM, J. The complaint alleges: That the plaintiff entered into a contract with one Rossiter whereby the plaintiff agreed to install or cause to be installed a system of piping and plumbing, in which the specifications provided:

"After the completion of the plumbing work according to these specifications and before its final acceptance by the owner, the plumber must turn on the water, leave everything in perfect working order, remove all his tools and surplus material from the premises and obtain a final certificate of approval from the architect. The plumber must guarantee the quality and keep in repair and good condition all parts of the work without extra charge for one year after the date of the final certificate."

That the defendant was engaged in the business of piping and plumbing, and plaintiff, for the purpose of fulfilling his contract with Rossiter, entered into a contract with the defendant, a copy of which is annexed to the complaint. That in the installment of said system of plumbing and piping in this building a pipe was run up alongside one of the pillars of said building, and attached to said pipe and underneath each floor of the building was a short branch pipe known as an "offset pipe," each of which was to be capped in order to prevent the escape of water. That said defendant, in an unworkmanlike manner, carelessly and negligently and in violation of his contract with said plaintiff, left one of said offset pipes on the eleventh floor of said building without a cap, and that the defendant carelessly and negligently, and in violation of the terms of his contract with the plaintiff, turned over said system of plumbing in said incomplete condition, without capping said offset pipe on the eleventh floor, and represented to the plaintiff that the plumbing was complete, and plaintiff accordingly paid to the defendant the money due him under said contract. That the plaintiff, relying upon and believing the representations of the defendant, turned over said building to the said Rossiter. That subsequently water escaped from said uncapped offset pipe on the eleventh floor of the building, and caused damage to the merchandise of the tenants in said building. That in April, 1905, said Rossiter commenced an action against the plaintiff for the damage caused to said building and the property of the tenants. That plaintiff thereupon mailed a copy of the said summons and complaint to the defendant, notifying defendant that he believed the claim of Rossiter to be a just claim, and, unless said defendant came in and defended said action, he would permit the court to determine the damages suffered by Rossiter by reason of the failure of the defendant to cap said offset pipe, and that if the plaintiff was obliged to pay any money to the said Rossiter for said damage the plaintiff would hold the defendant liable

therefor. The defendant refused to come in and defend the said action, and the said Rossiter recovered judgment against the plaintiff, for the amount of which judgment the plaintiff demands judgment against the defendant in this action.

By the contract annexed to the complaint the defendant agreed to furnish all the labor, materials, tools, and appliances required for completing the plumbing and gas-fitting, and the installation of the water boiler in connection with the building named, "according to the revised plans and specifications prepared for the same, * * * which plans and specifications are hereby referred to and made part of this contract."

In the answer the defendant admits receiving a copy of the summons and complaint in the action brought by Rossiter against the plaintiff, admits receiving letters from the plaintiff, and denies the other allegations of the complaint.

Upon the trial of the action Rossiter was called as a witness, and testified that he commenced an action against the plaintiff, whereupon the judgment roll in that action was admitted in evidence. The complaint in that action, after alleging that Rossiter, the plaintiff therein, was the owner of the property upon which the building was erected, set forth the specification which provided that the plumber should turn on the water and leave everything in perfect working order, guarantee the quality, and keep the work in repair and good condition for one year from the date of the final certificate. That the defendant in that action, for the purpose of fulfilling his contract to establish said system of plumbing and piping, entered into a contract on or about the 25th of August, 1903, with one Spelman, the defendant in this action, whereby said Spelman agreed to perform said work for the defendant. It is then alleged that as part of this system of plumbing there was to be a short branch pipe known as an "offset pipe," which was to be capped in order to prevent the escape of water—

"that said Spelman (the defendant in this action) in an unworkmanlike manner, carelessly and negligently and in violation of his contract with said defendant, left one of said offset pipes, on the eleventh floor of said building, without a cap * * * and that the defendant, carelessly and negligently and in violation of the terms of his contract with the plaintiff, turned over said system of plumbing to the plaintiff in said incomplete condition without capping said offset pipe on the eleventh floor."

It was further alleged that water escaped from said uncapped offset pipe from the eleventh floor and caused damage for which the plaintiff in that action recovered, which judgment was paid by the plaintiff in this action giving to Rossiter a note and the judgment was satisfied of record. The plaintiff then proved letters to the defendant, inclosing a copy of the summons and complaint in the action of Rossiter against the plaintiff, calling the defendant's attention to the fact that the claim was for damages due to the fact that an offset pipe was not capped; that the defendant was responsible for this damage, if any; and defendant was notified to come in and defend the action. In reply to this the defendant returned the summons and complaint to the plaintiff, stating that he had no financial interest whatever in the matter. In reply, the plaintiff again wrote to the defendant stating that

he was informed by his lawyer that unless the defendant should defend the action the plaintiff was bound to pay damages, the defendant would be bound by the judgment, again requesting the defendant to make himself a party to the action, so that all questions of liability can be settled in one action. The defendant replied to this by again denying liability and refusing to defend. No other evidence having been offered, the court dismissed the complaint, and the sole question presented upon this appeal is as to the effect of this judgment in the action of Rossiter against the plaintiff.

The action of Rossiter against the plaintiff was based solely upon the fact that this offset pipe had been left uncapped. The complaint in that action specifically alleged that the specifications required that this pipe should be capped; that the plumber should turn on the water and leave everything in perfect working order; that plaintiff had made a contract with Spelman, the defendant, to perform said work according to these specifications; that Spelman had failed to carry out his contract, and in violation thereof left one of said offset pipes without a cap; that the plaintiff in this action had turned the work over to Rossiter as completed according to the contract, and in consequence of the failure of the defendant to put the cap upon this offset pipe Rossiter had sustained damages. Thus it appeared by the complaint in the action against the plaintiff that the basis of Rossiter's claim against the plaintiff was the violation by the defendant of his contract with the plaintiff, and the question presented for litigation in that action was the question as to whether or not the defendant, in violation of his contract, had left this offset pipe uncapped, and in consequence of the plaintiff turning over the building in that condition to Rossiter the latter was entitled to judgment against the plaintiff. If the defendant had been a party to that action, the facts alleged would have established a liability against defendant in favor of plaintiff. That issue being thus presented, the defendant had notice of the commencement of the action and was requested to defend, with notice that if he failed to defend he would be held liable for any amount recovered in that action. He refused to defend, and in consequence thereof Rossiter recovered a judgment against the plaintiff.

The general rule as to the effect of a judgment upon one who is not a party to an action of which he had notice when he is sought to be held liable for the judgment is that:

"In so far as the issues actually litigated in that case are identical with the issues involved in this, the judgment is binding upon the defendant in the same way as if it had been a party upon the record." Carleton v. Lombard, Ayres & Co., 149 N. Y. 137–151, 43 N. E. 422, 426.

In the case of City of Rochester v. Montgomery, 72 N. Y. 65, which was an action by a municipal corporation to recover damages that it had been obliged to pay, caused by the defendants negligently placing an obstruction in the public street, it was held that a judgment obtained in an action of which the defendant had notice was conclusive against the defendant "as to any matter which might have been urged

115 N.Y.S.—24

as a defense against such liability." In Oceanic Steam Navigation Company v. Campania Transatlantica Espanola, 144 N. Y. 663, 39 N. E. 360, it was said:

"It is sufficient that the party against whom ultimate liability is claimed is fully and fairly informed of the claim, and that the action is pending with full opportunity to defend or to participate in the defense. If he then neglects or refuses to make any defense he may have, the judgment will bind him in the same way and to the same extent as if he had been made a party to the record."

And this citation was quoted with approval and stated to be the proper rule in Washington Gaslight Co. v. District of Columbia, 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712. It was held in that case that the judgment was conclusive, not only upon the negligence of the District of Columbia, but also upon the negligence of the Washington Gaslight Company, because to sustain the judgment against the District of Columbia it was necessary to show negligence, and the adjudication that negligence existed, where it also appeared that the Washington Gaslight Company was responsible for the condition that caused the injury, the judgment was conclusive against the Washington Gaslight Company as to its negligence. The court said:

"The length of time required to imply knowledge of any negligence on the part of the District is also sufficient in law to imply such knowledge of negligence on the part of the gas company. It follows, therefore, that the judgment against the District conclusively established a fact from which, as the duty to repair rested on the gas company, its negligence results."

I think the application of this rule made this judgment conclusive as to his liability for the damage claimed as against this defendant. His failure to perform the contract with the plaintiff was the primary cause of the liability that was imposed upon the plaintiff. In the action of Rossiter against the plaintiff the liability was expressly placed upon the ground that the defendant had failed to cap this offset pipe, and that plaintiff was liable because he had accepted the work from the defendant and turned it over to Rossiter in an unfinished and improper condition. That issue was the one distinctly tendered by the complaint in the action against the plaintiff. The defendant had that complaint served upon him with a notice to defend the action. He refused to defend, and therefore he is bound by the judgment as if he had been a party to that action to enforce a liability based upon his failure to comply with his contract with the plaintiff. It seems to me the same condition is presented as was presented in Washington Gaslight Co. v. District of Columbia, supra, namely, that the same fact which imposed a liability upon the plaintiff would impose a liability upon the defendant, and consequently the defendant was conclusively bound by the judgment against the plaintiff. There could have been no question, it seems to me, but that if this defendant had been a party to the action against this plaintiff, and upon the issue there presented by the complaint there had been a judgment in favor of Rossiter, this defendant would have been bound by the adjudication that he violated his contract by failing to cap this offset pipe, and for that reason the liability was imposed upon the plaintiff.

It follows that the judgment appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

McLAUGHLIN and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). This is an action over on a judgment recovered against plaintiff by one Rossiter, who was the owner of a building situate at the southeast corner of Broadway and Bond streets, in the city of New York, on account of damages sustained by the premises being flooded, which was caused by an offset pipe being left uncapped on the eleventh floor of the building, thereby permitting the water, when turned on, to escape. The plaintiff was a builder, and he contracted with the owner of this building for the installation of a system of plumbing and piping. Plaintiff sublet this work to the defendant. It was alleged in the complaint upon which judgment was recovered against the plaintiff, and to which action this defendant was not a party, that plaintiff, after taking the contract for this work, sublet the work to the defendant herein, and that this defendant negligently left said offset pipe uncapped, and that the plaintiff herein thereafter negligently turned over the work as completed with this pipe still uncapped. The learned counsel for the plaintiff insisted upon the trial that the judgment in the other action was conclusive upon all of the issues. The learned counsel for the defendant insisted that that judgment did not necessarily determine the negligence of the defendant, and the learned trial court took that view, and, no further evidence being offered by the plaintiff, dismissed the complaint. The defendant had notice of the pendency of the other action, and was duly called upon to defend the same. If, therefore, the judgment necessarily constitutes an adjudication of the defendant's negligence, he is concluded by the judgment; but I am of opinion that it does not. The allegation in the former action that this defendant negligently left the pipe uncapped was not a material allegation. This defendant was not a party to that action, and no recovery could be had therein against him. The allegation was merely an item of evidence, and, even as evidence, it was not essential to the issue.

It was not important to show who constructed the pipe, or whether the subcontractor fully performed his contract. It was sufficient to warrant a recovery by the plaintiff in the former action for him to show that the defendant therein, who is the plaintiff herein, was guilty of negligence in turning over the work in this uncompleted condition; and it was quite immaterial to that issue whether, when this defendant left the work, the pipe was or was not capped, for the plaintiff herein would have been equally guilty of negligence had one of his own employés subsequently removed the cap, or had it been otherwise removed under circumstances involving a duty on him to discover such a removal.

I am therefore of opinion that the judgment should be affirmed.

CLARKE, J., concurs.