## CITY OF ITHACA v. CROZIER.

(Supreme Court, Appellate Division, Third Department. December 28, 1911.)

JUDGMENT (§ 720*)—CONCLUSIVENESS.

    A former judgment between the same parties or their privies is only conclusive as to the facts necessarily and actually determined by it.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1251; Dec. Dig. § 720.*]

    Smith, P. J., and Houghton, J., dissenting.

Appeal from Trial Term, Tompkins County.

Action by the City of Ithaca against Richard A. Crozier. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

David M. Dean, for appellant.

Peter F. McAllister, for respondent.

JOHN M. KELLOGG, J. Bridget Marsh fell upon the snow and ice upon the sidewalk along the defendant's premises, and brought an action against the city of Ithaca to recover damages therefor, and recovered judgment for $1,000 damages and $152.50 costs, April 6, 1908, and this action is brought to recover the same from the defendant; he having been notified by the city of the action and required to defend the same. In her complaint against the city she alleged that the defendant carelessly and negligently suffered, allowed, and permitted water from a defective conductor to collect and freeze, and accumulate ice and snow on the sidewalk—

"and negligently and carelessly allowed, suffered, and permitted said ice and frozen snow to accumulate and remain for a long period of time, on and prior to the 28th day of January, 1907, on the sidewalk * * * at or near the northwest corner of said building owned by said Richard A. Crozier, so as to become dangerous to persons passing along the same, as they legally might. Said ice and snow having been beaten smooth and slippery, which had been there for a long period of time previous, and the said sidewalk at said place was in an icy, slippery, dangerous, and practically impassible condition, all of which said defendant had due notice and was well known to the officials, servants, and agents of said defendant city, as plaintiff is informed and verily believes, and of which defendant had or might have informed itself in time to make said sidewalk safe before the occurrence of the accident hereinafter mentioned."

It does not appear in this case, except from the pleadings and the judgment, what was the actual issue litigated in the Marsh case, and whether the evidence tended to show a ground of liability other than from ice formed by water coming from Crozier's conductor. Upon the trial of this action the plaintiff proved that the conductor from defendant's building discharged its water upon a stone, and then escaped across the sidewalk at the northeast corner of his building near an alleyway belonging to the city, which furnished the entrance for teams to some buildings next to the defendants, and proved by Bridget Marsh that as she was passing the northwest corner of Crozier's block she slipped and fell on the hard ice and broke her leg. She presented her claim against the city and recovered therefor. It also appeared that where the water came from the conductor onto the sidewalk the ice was frozen for about five feet each side of the conductor pipe, being the thickest immediately in front of it and gradually sloping. It also appeared that at the time the whole of the walk along the Crozier building was covered with snow and ice. The charter of the city provided that no person should conduct from any building through any pipe, gutter, or trough any water upon the sidewalk—

"nor shall such water be conducted across any sidewalk unless the same be made to run in a pipe or groove below the surface of the walk."

The court denied the defendant's motion for a nonsuit. Thereupon defendant's counsel suggested that he wanted to present to the jury the question whether the injury was the result of ice formed from water coming from the pipe or from causes or neglect of the city, or ice formed independent of acts of the defendant, or by the commingled acts, and stated that he would ask the court to charge the jury upon that subject, particularly if it was the commingled acts of the two, and they could not tell positively which was the exact cause, that the plaintiff cannot recover. He also suggested that they wished to raise a question as to the exact place where the accident took place. The court remarked that after an examination of the judgment roll it was of the opinion that neither of the defenses suggested is available, and that it would have to direct a verdict against the defendant.

"Defendant's Counsel: I offer to show that there was a groove or depression constructed in the sidewalk at the point where the water flowed from this eave trough below the surface of the sidewalk by the stones being formed in a V shape or trough to permit the water to cross the sidewalk, and I offer to show, also, that the complainant, Bridget Marsh, slipped and fell at a point beyond of from four to six feet north of where the eave trough was, and ask to go to the jury as to whether the injury was from the snow and ice from the eave trough, or from the snow and ice or the irregular surface caused by the track across the sidewalk, and ask to go to the jury upon all the issues in the case.

"Plaintiff's Counsel: We object to all the offers, on the ground that the evidence would be incompetent, irrelevant, and immaterial, and not admissible in this action, and on the further ground that the judgment roll in the action of Marsh v. City of Ithaca is conclusive upon those questions. (Objection sustained. Exception to defendant's counsel.)"

The court directed a verdict for the plaintiff for $1,502.74, to which the defendant duly excepted, and his motion to set aside the verdict upon the minutes was denied by order duly entered.

The evidence in the Marsh case is not reported, and it is not conclusively shown that the city was held liable solely on account of the ice formed by water from the conductor. Perhaps the general condition of the walk in front of Crozier's premises was taken into consideration and formed a basis for recovery. The allegation of the complaint was sufficient to authorize a recovery, irrespective of the conductor, for a negligent accumulation of ice and snow at the point of the fall. The judgment does not, therefore, conclusively establish that the sole cause of the recovery arose from the condition of the defendant's conductor, and it does not show conclusively that the fall took place within five feet of the conductor, or of a line drawn from it straight across the walk. I think the defendant was entitled to make proof of the facts offered. The former judgment is only conclusive as to the facts necessarily and actually decided by it, and the condition of the walk and the cause and place of the fall are not so clearly shown by the judgment that the defendant is not entitled to have the entire facts presented for the consideration of the jury. The plaintiff can exclude proof of the facts only by showing that the recovery in the Marsh case rested solely upon the condition caused by the defective water pipe.

132 N.Y.S.—55

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except HOUGHTON, J., dissenting in opinion, in which SMITH, P. J., concurs.

HOUGHTON, J. (dissenting). I do not think the defendant was entitled to prove that Bridget Marsh fell at some other place on the sidewalk than upon the ice formed from the defective water pipe maintained by the present defendant. In her complaint against the city, this plaintiff, she alleged that she fell on ice formed across the sidewalk from water leaking from a defective pipe on defendant's building. It must be presumed, in the absence of anything to the contrary, that that issue was the one tried and determined in her favor in her action against the plaintiff. If the issue in that respect in that action was changed on the trial, the burden was on the present defendant to show that fact, which he failed to do. She could have sued both the city and the present defendant. She chose to sue the city alone, and the defendant's negligence was not material to her recovery. All that was necessary for her to show was that the defect existed to the knowledge of the city, or that it had existed for such a length of time that the city was presumed to have had knowledge of its existence. As emphasizing the fact that the defect existed, she might show that it was caused by the active negligence of the defendant, or by his passive negligence, which he should have remedied. But all that was necessary for her to show in her action against the city, and all that was in issue, was that a defect existed which the city ought to have taken notice of and remedied.

The defendant had timely and proper notice to enable him to come in and defend the action brought by her against the city, and defeat the issue that she fell on ice formed on the sidewalk from water leaking or flowing from the pipe maintained by him on his building, and for which the city was liable because it ought to have remedied it, but for which he was also liable, because he himself in the first instance created the defect. He neglected to come in and defend. She recovered judgment, which was paid, and the city now brings action against him as the primary wrongdoer. He having had notice of the pendency of that action and an opportunity to defend, the judgment obtained therein against the city was conclusive against him, not only as to the amount of damage which the injured person sustained, and that the injury was not the result of contributory negligence, but also as to the existence of the defect alleged and the fact that she sustained the injury from such defect. Thompson on Negligence, vol. 5, § 6362; City of Rochester v. Montgomery, 72 N. Y. 65; Mayor, etc., v. Brady, 151 N. Y. 611, 45 N. E. 1122. Thompson on Negligence, supra, lays down the rule as follows:

"If notice has been given to the wrongdoer to come in and defend, the judgment against the corporation is conclusive (against him) as to the existence of the defect, the fact that the traveler sustained the *injury from it* without fault on his part, and that he was damaged to the amount for which the judgment is recovered."

In City of Rochester v. Montgomery, supra, Rapallo, J., says:

"The plaintiff having given notice to the defendant of the action brought against it by McNeiss, and that it claimed that the defendant would be liable to indemnify it against any recovery therein, the defendant, if shown to have wrongfully created or negligently left the obstruction, was concluded by the judgment in that action as to the liability of the plaintiff to McNeiss for the damages, and was consequently concluded as to any matter which might have been urged as a defense against such liability."

It is upon this principle that the question of the contributory negligence of the party injured is not open to contest by the primary wrongdoer, when sued, after notice to come in and defend by a secondary wrongdoer, who has been obliged to pay a judgment recovered by a third party, who has been injured. That Bridget Marsh, the plaintiff in the action against the city, did not fall upon the ice caused by the leaking water pipe, and that she fell at some other place on the sidewalk, was a matter which might have been urged against her in the action against the city. By his failure to come in and defend, the defendant was bound by the adjudication that she did fall, as she pleaded she did, upon the ice caused by the defective water pipe. All that the plaintiff was obliged to prove in the present action, to entitle it to recover from the defendant the damages which it was obliged to pay, was that the defendant was the primary wrongdoer, because he maintained a water pipe which threw water on and across the sidewalk, which was likely to and did freeze and cause an obstruction to travel.

The city and the defendant were not joint wrongdoers, although it was the duty of the city to keep its sidewalk in reasonable repair. The defendant was the primary wrongdoer. Where one negligently creates a situation which it becomes the duty of another to rectify, and thus as to third persons both become liable, and the latter is compelled to pay damages, he may compel reimbursement from the one who first instituted the wrong. This rule is based upon the fact that, although both are liable as to third parties, as between themselves there is a primary and secondary liability, and, if the one secondarily liable is compelled to pay, the one who instigated the wrong must make him good. If notice be given, and an opportunity to defend accorded to the primary wrongdoer, the judgment which has been obtained against the secondary wrongdoer is conclusive upon all questions involved, except the fact that he was not guilty of the primary negligence or wrong which caused the injury. Scott v. Curtis, 195 N. Y. 424, 88 N. E. 794, 133 Am. St. Rep. 811.

In the present case the plaintiff proved the existence of the defective water conductor, and that water flowed from it across the sidewalk, forming ice, before and up to the time of the injury to Bridget Marsh, contrary to an ordinance of the city. This proved the primary wrong to be on the part of the defendant, and there was no evidence controverting the situation. The offer of the defendant to prove that there was a groove across the sidewalk for the water to run off aggravated the situation, instead of palliating it. The only other proof which the defendant offered to make was that Bridget Marsh did not

fall on this ice, but at a distance therefrom. The defendant in that action having notified this defendant of its pendency, he had the opportunity to come in then and show that, although he was a wrong-doer in permitting water from his building to flow across the side-walk, she was not injured thereby, but fell at another place. Not having seen fit to avail himself of that defense in that action, he is now concluded from proving it.

While the defendant asked to go to the jury upon all the questions in the case, there were no questions for the jury to pass upon, and the direction of verdict in behalf of the plaintiff was proper, and the judgment should be affirmed.