The City of Syracuse, Respondent, v. Standard Accident Insurance Company of Detroit, Michigan, Appellant.

Fourth Department, July 1, 1924.

Insurance — automobile liability insurance — action by insured to recover amount of judgment recovered against it for injuries inflicted — injuries were caused by automobile that was being towed by another automobile owned by plaintiff — automobiles were insured in different companies — towed automobile was insured by defendant — both insurance companies consented to compromise with injured person without prejudice — findings of fact in prior action were general that injuries were caused by negligence of plaintiff's employees — judgment against plaintiff is not binding as to whether accident was caused by negligent operation of towed automobile insured by defendant — error to reject evidence by defendant to show that towed automobile was not being operated negligently — error to reject telegram showing authority of defendant's attorney to compromise.

In an action against an insurance company to recover the amount of a judgment recovered by a person injured by one of plaintiff's automobiles in which it appears that the plaintiff owned two automobiles which were insured by different companies, that the automobile which caused the damage was insured by the defendant and at the time of the accident was being towed by the other automobile, the judgment in favor of the injured person against the plaintiff in this action, based on findings that the injuries resulted from an accident caused solely by the carelessness and negligence of the plaintiff herein, its officers, agents and employees, is not binding on the defendant herein on the question whether or not the accident was caused by the negligent operation of the automobile that was being towed, and it was error to reject evidence offered by the defendant to show the circumstances under which the accident arose for the purpose of determining the proximate cause of the injury and that the towed automobile was not being operated in a negligent manner at the time of the accident.

It was error for the court to reject a telegram authorizing defendant's attorney to consent to the compromise of the action by the person injured, which telegram was shown to the attorney for the plaintiff herein before consent was executed and was offered in evidence for the purpose of showing that the attorney executing the consent possessed only limited authority.

Appeal by the defendant, Standard Accident Insurance Company of Detroit, Michigan, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the

county of Onondaga on the 20th day of June, 1923, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 29th day of June, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Shedd, Morse, Pierson & Wynkoop* [*Robert C. Winchell* of counsel], for the appellant.

*Frank J. Cregg, Corporation Counsel* [*Frank W. Baker* of counsel], for the respondent.

Davis, J.:

During the year 1921 the plaintiff owned two automobiles, one a Ford truck used by an employee of the water bureau, and the other a large Studebaker used by other employees in city business. Both were covered by insurance issued by indemnity insurance companies, the Ford by the defendant and the Studebaker by another company.

It appears that on August 24, 1921, the Ford truck while in use became out of order on the street and could not be operated under its own power. The employee telephoned the city repair department and the Studebaker car with two employees came to assist. They were unable to make repairs on the street, so attached a rope to the Ford car, connected with the Studebaker and proceeded to tow it to the garage. Two of the employees were in the Studebaker and one in the Ford to guide it. While proceeding in this manner the towed car became out of control because, as it is claimed, the towing rope became involved in the steering apparatus and broke, and it ran off to one side and collided with a man by the name of Schlie, causing serious personal injuries and injury to his property.

Schlie brought action against the city. His complaint set up the facts and made general allegations of negligence as to the condition and operation of both cars and of the acts of the employees. The insurance companies were given due notice of the suit. Each gave notice to the city that it denied liability under its policy. The city by its corporation counsel served an answer but contended that both insurance companies were liable under the policies.

The cause was on the day calendar when the city received an offer from Schlie to compromise the action for $8,500. The matter was evidently taken up with the insurance companies, and each by their agents executed consents that the suit be compromised. These consents were in writing and practically identical in language. The one executed on behalf of this defendant recited the facts

concerning the accident, the bringing of the action, the position of the case, the issuance of the policies, the claim of Schlie that both cars were negligent, that the insurance companies claimed that the accident resulted by reason of the negligence of the driver of the car which its policy did not cover, the agreement to accept the compromise sum, and gave consent that judgment be taken against the city for $8,500 " without prejudice to the Standard Insurance Company of Michigan, and with the right to said company, to defend any claim made by the city against said company, made under the policy issued by it on the Ford automobile involved in the accident." The consent also contained this clause: " The purpose of this consent is that the defendant, the City of Syracuse, be left in the same position as though judgment had been rendered against it upon the merits in the said case and judgment paid by it."

The cause then proceeded to trial, a jury being waived. Attorneys representing the insurance companies were evidently present in court. Whether they took any active part on the trial does not appear, the evidence there taken not being before us. Findings were made to the effect that the Ford car was being towed by the Studebaker; that the former turned suddenly to the right and struck plaintiff and the rear of his wagon, causing injuries to his person and property.

The sixth finding of fact was as follows: " That the said injuries, resulting from this accident were caused solely by the carelessness and negligence of this defendant, its officers, agents and employees, and while its employees were engaged in the business of the city of Syracuse."

The conclusions of law were that the injuries to plaintiff were caused as a direct result of being struck by the Ford car, and were caused solely by the carelessness and negligence of the defendant, its officers, agents and employees, without contributory negligence of the plaintiff, who was entitled to $8,500 damages.

The present action is brought by the city on its policy. The defendant's answer denied liability. That policy, in substance, indemnified the city against loss from the liability imposed by law for damages on account of bodily injuries and damages to property, accidentally sustained by any person by reason of the ownership, maintenance or use of the Ford truck.

On the trial the plaintiff offered the judgment roll in evidence, made proof that the Ford car which struck Schlie was the one covered by this policy, offered the stipulation in evidence and rested. The defendant then sought to show the circumstances under which the accident arose for the purpose of determining the proximate cause of the injury, and that the Ford truck was

not being operated at the time in a negligent manner. Evidence of this character was excluded, the court holding that defendant was bound by the prior judgment and estopped by it from producing any proof of the character offered; and a verdict was directed for plaintiff for the full amount of liability.

We think this was error. The general rule is that where a judgment is recovered against and paid by a person or corporation liable to the party injured, and the actual wrong or negligence was due to the act of another who had notice of the suit, the judgment is conclusive in the action brought by the party who has paid, if the wrongful act has been established in the prior action. (*City of Rochester* v. *Montgomery*, 72 N. Y. 65; *Oceanic Steam Navigation Co.* v. *Compania T. E.*, 134 id. 461; *Mayor, etc.*, v. *Brady*, 151 id. 611; *Fulton County G. & E. Co.* v. *Hudson River T. Co.*, 200 id. 287; *Vogemann* v. *American Dock & Trust Co.*, 131 App. Div. 216; affd., 198 N. Y. 586; *Lovejoy* v. *Murray*, 3 Wall. 1; *Washington Gas Co.* v. *District of Columbia*, 161 U. S. 316.) This principle is applicable in cases where one party · undertakes to indemnify another against such loss. (*MacArthur Bros. Co.* v. *Kerr*, 213 N. Y. 360; *American Surety Co. of New York* v. *Sandberg*, 225 Fed. Rep. 150; affd., 244 id. 701.)

Such party may not recover, however, unless he shows that the active negligence and wrong which caused the injury for which he has been held liable were the negligence and wrong of the person whom he seeks to hold liable. (*Scott* v. *Curtiss*, 195 N. Y. 424, 428; *Chicago City* v. *Robbins*, 2 Black, 418, 423.)

In such an action the person sued is bound by the judgment only so far as the questions have been litigated in the prior action. He is not estopped thereby from establishing through additional evidence the primary wrong if that fact relieves him from liability. (*Lamb* v. *Norcross Bros. Co.*, 208 N. Y. 427; *Lord & Taylor* v. *Yale & Towne Mfg. Co.*, 230 id. 132; *City of Ithaca* v. *Crozier*, 148 App. Div. 493; *Washington & Berkeley Bridge Co.* v. *Penn. Steel Co.*, 252 Fed. Rep. 487.)

In *Mayor, etc.*, v. *Brady* (*supra*) the plaintiff gave proof *dehors* the record that the negligent act was that of defendant, not of the city; and there being no evidence to the contrary, a verdict was directed in its favor. The plaintiff there did not rely alone upon the doctrine that the defendant was estopped by the judgment.

The fact that the Ford truck struck Schlie was not of itself proof of negligence by reason of its " ownership, maintenance or use " by the city. The finding that the injuries to Schlie were caused by the negligence of the " defendant, its officers, agents and employees," while the latter were engaged in the business of the city, is too indefinite

to establish the proximate cause of the injury. At best these findings would make but a *prima facie* case. On the trial of the former action, the city was largely in control of the proof. The action had been compromised and the judgment was being taken for the benefit of the city. Schlie was indifferent as to the manner of establishing liability and had no personal knowledge of the cause of the accident. That fact was within the knowledge of the employees of the city. It clearly would have been possible for the city on the trial to have determined with certainty the particular acts of negligence causing the injury, whether it was due to the negligent operation of the Ford car, the Studebaker car or concurrent negligent acts by those in charge of both. This question is now open, and we think it competent for defendant to show just what was the proximate and direct cause of the accident.

We reach this conclusion upon the general principles of law governing such actions, heretofore stated. Beyond that, plaintiff knew when it accepted and used the consent executed by defendant, that the question of ultimate liability under the policy was reserved. Regardless of what the legal liability of defendant was, it was within the power of the parties to stipulate as to their rights and make a law for themselves binding upon them. (*Matter of New York, L. & W. R. R. Co.*, 98 N. Y. 447, 453.) This made it the more imperative that if plaintiff desired defendant to be estopped by the judgment, the proof and findings should be perfectly clear, or at least to put in evidence on this trial the proof taken on the former trial.

The defendant claims that the attorney executing the consent possessed only limited authority contained in a telegram shown the corporation counsel before the consent was executed. The telegram, though offered, was excluded. We think it should have been admitted. The attorney was not the attorney of record for any party to the former action, nor does it appear that he had general authority. Attorneys or counsel may under certain circumstances control proceedings in court and make stipulations binding on the client. (*Read* v. *French*, 28 N. Y. 285; *Morris* v. *Press Publishing Co.*, 98 App. Div. 143; *Baron* v. *Cohen*, 62 How. Pr. 367; *Montrose* v. *Baggott*, 161 App. Div. 494; appeal dismissed, 220 N. Y. 686.) But they have no implied authority to compromise the right of a client. (*Lewis* v. *Duane*, 141 N. Y. 302.) In executing the consent, the attorney acted only as an agent of defendant with powers limited by his instructions, and this fact plaintiff was bound to know in dealing with him. (*Farmers Fund, Inc.*, v. *Tooker*, 207 App. Div. 37, 40; *Dudley* v. *Perkins*, 235 N. Y. 448.) While there may have been no material departure from

the authority given him in executing the consent, the defendant was entitled to the evidence.

The defendant is undoubtedly bound by the judgment on questions as to the collision of the Ford car with Schlie, his freedom from contributory negligence, the negligence of the city employees generally, and the amount of damages. (*Fulton County G. & E. Co. v. Hudson River T. Co., supra.*) But for the reason that the question of the proximate cause of the accident and the question of whether the city suffered loss or damages within the meaning of the policy have not been litigated and determined, the defendant may not now be deprived of its opportunity to defend on that issue.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

All concur; HUBBS, P. J., not sitting.

Judgment and order reversed on the law and facts and a new trial granted, with costs to appellant to abide event.