SAM BIRNBAUM, Respondent-Appellant, v. JAMESTOWN MUTUAL INSURANCE COMPANY, Appellant-Respondent.— Plaintiff was injured in a collision between a trolley car which he was operating and a truck owned by one De Lillo. After recovering a judgment against De Lillo, which remained unsatisfied, plaintiff instituted the instant action against defendant, De Lillo's insurance carrier, as provided by section 167 of the Insurance Law. Defendant disclaimed liability on the ground that at the time of the accident the truck was not being used as provided in the policy, but was being used for another purpose not covered thereby. Plaintiff and defendant each moved for summary judgment, and both parties appeal from the denial of their motions. On plaintiff's appeal, order insofar as it denies his motion for summary judgment, affirmed, without costs. No opinion. On defendant's appeal, order insofar as it denies its cross motion for summary judgment dismissing the complaint, reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, with $10 costs. The affidavits present no factual issues. It is undisputed that at the time of the accident the insured's truck was being used to transport lumber for one Watson. The occupation of the insured, as stated in the declarations in the policy, was " Delivery of Coal — Hudson Fuel Co." By a typewritten indorsement attached to the policy, it was agreed that all commercial automobiles owned and operated by the insured were " to be used in hauling exclusively for Hudson Fuel Co." That indorsement superseded the printed provision of the policy which defined commercial use as use " principally in the business occupation " of the insured, " including occasional use for * * *

other business purposes." (Cf. *Thompson-Starrett Co.* v. *Amer. Mut. L. Ins. Co.,* 276 N. Y. 266.) Coverage was limited to the use set forth in the indorsement by plain and unambiguous language. As the truck was not being used for the agreed purposes at the time involved herein, defendant is not liable under its policy. Plaintiff, an injured third party, has no greater rights against the insurer than are possessed by the insured. (*Devitt* v. *Continental Casualty Co.,* 269 N. Y. 474, 479.) Lewis, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur. [See *post,* p. 973.]