ANGELINE SPADARO, as Executrix of SAMUEL SPADARO, Deceased, Appellant-Respondent, v. NEWARK INSURANCE COMPANY, Respondent-Appellant.

Fourth Department, May 22, 1964.

*Bernard Samuels* and *Charles R. Rinaldo* for appellant-respondent.

*Hiscock, Cowie, Bruce, Lee & Mawhinney* (*Philip T. Young* of counsel), for respondent-appellant.

DEL VECCHIO, J.   This action is brought under section 167 of the Insurance Law to require defendant insurance company to pay to plaintiff the amount of a judgment recovered by her against the insured, Ralph Palmisano, in the Circuit Court of the Eleventh Judicial District in and for Dade County, Florida.

The complaint in the Florida action alleged, among other things, that on January 29, 1957 Palmisano was driving his automobile on a public highway near Tampa, Florida, with Samuel Spadaro, plaintiff's testate, riding as a passenger; that the vehicle collided with one owned by Gulf Oil Corporation; that the operator of the Gulf Oil vehicle was negligent; that Palmisano was grossly negligent; that as a result of the accident Sparado sustained severe personal injuries and subsequently died.

In the action against Palmisano and Gulf Oil Corporation a directed verdict in favor of Gulf was granted by the court and the jury returned a verdict in favor of defendant Palmisano. On appeal by plaintiff, the District Court of Appeal of Florida affirmed the judgment as to Gulf Oil but reversed the judgment as to Palmisano. (*Spadaro* v. *Palmisano,* 109 So. 2d 418 [Fla.].) The appellate court acknowledged that the physical evidence and the testimony of eyewitnesses would support the inference, urged by Palmisano's counsel, that the deceased, Spadaro, and not the insured had been driving the Palmisano car, but held that the attorney for Palmisano's insurance company had improperly brought fraud and collusion into the case when he

had attempted to impeach Palmisano's testimony to the effect that he (Palmisano) was driving at the time of the accident. Such an attempt constituted a violation of the attorney-client relationship which existed between the insured and his counsel, the attorney employed by his insurer. The District Court of Appeal ordered a retrial of the action against Palmisano and a determination of the issue of fraud and collusion " either in a plenary action in another forum or as a result of the separate trial of such issues in the same case ", stating that " the insurance carrier and its counsel would be bound by such adjudication and, if favorable, would not be subjected to the latter suit." (*Spadaro* v. *Palmisano, supra,* p. 422.)

Thereafter at a pretrial conference, it was determined by the Florida trial court that the main case between the plaintiff executrix and the insured, Palmisano, would first be retried. It was further decided that if upon such retrial the Spadaro estate obtained a verdict against Palmisano the former " will no longer be concerned with the subsequent conflict between [Palmisano] and [his] insurer, but plaintiff's case will be terminated with the rendition of a judgment upon the verdict." The court concluded by directing that " [t]he issue between [Palmisano], in such an event, and [Palmisano's] insurer will then be made between the insurer as plaintiff and [Palmisano] as defendant, and will proceed without any further filing of an additional case, but in the normal procedure provided by the Rules to bring us to issue and to trial." Counsel for the plaintiff expressed agreement with these determinations and directions and with the statement of defense counsel that it was not necessary for plaintiff to have notice of the second trial between Palmisano and his insurer.

On retrial of the negligence claim against Palmisano, without litigating the identity of the driver of the car, plaintiff recovered a verdict of $10,648 in the Circuit Court of Florida, which is the subject of the present action. Thereafter, in the same court and before the same Judge who had presided at the pretrial conference and the negligence trial, Newark Insurance Company, as plaintiff, and Palmisano, as defendant, presented evidence before a jury upon the same pleadings on the single issue of who was driving the car at the time of the accident on January 29, 1957. At the close of the evidence the court directed a verdict in favor of the plaintiff insurance company and a judgment was granted determining that Palmisano was not the driver of the car and that Newark was relieved of any obligation which might accrue to it had Palmisano been the driver. Although both Palmisano, and his personal attorneys, and the plaintiff herein,

through her attorneys, had notice of this determination, no appeal was taken from the judgment entered thereon.

In denying defendant insurance company's motion for summary judgment dismissing the complaint in the present action, Special Term concluded that the judgment last rendered in the Florida Circuit Court was one which was rendered without jurisdiction, was wholly void and was therefore not entitled to full faith and credit in this State. That conclusion was based upon determinations (1) that the controversy between the insurance carrier and the insured was litigated in a declaratory judgment action and (2) that use of the declaratory judgment procedure to resolve the factual issue of the identity of the driver of the car, as contrasted with an issue involving the interpretation of the insurance contract, was absolutely prohibited by Florida decisional law and rendered any such judgment void.

In our view, however, no declaratory judgment action was prosecuted. Although the Florida District Court of Appeal in its reversal of the original judgment for Palmisano authorized a determination of the controversy between the insured and the insurer *either* in a plenary action or as a separate trial in the same case, the trial court and all the parties concerned quite clearly elected to proceed by the latter method, which resulted in separate trials of issues in a single lawsuit, without resort to an independent action for a declaratory judgment.

Moreover, assuming that the declaratory judgment procedure was employed, the determination whether the matter was within the jurisdiction of the court must be predicated on the law of the rendering State. (*Adam* v. *Saenger,* 303 U. S. 59.) Although it may well be that Florida does not favor the use of declaratory judgments to resolve factual issues of insurance coverage when those issues are also involved in the primary litigation against the insured (see *Columbia Cas. Co.* v. *Zimmerman,* 62 So. 2d 338 [Fla.] ; *Halpert* v. *Oleksy,* 65 So. 2d 762 [Fla.]), no authority has been called to our attention which holds such a judgment absolutely void in that State. The Florida declaratory judgment statute specifically grants jurisdiction to Circuit Courts to hear and determine declaratory judgment actions (Fla. Stat. Ann., § 87.01) and provides that it shall be liberally administered and construed. (Fla. Stat. Ann., § 87.11.) In this circumstance, any error in entertaining a declaratory judgment action for the purpose of resolving the issue of the driver's identity to determine the insurer's liability would be at most a mere irregularity. (See *Mayes Print. Co.* v. *Flowers,* 154 So. 2d 859 [Fla.].) Furthermore, when the procedure followed was precisely that suggested by the appellate court of Florida, we will not hold that

the Circuit Court lacked jurisdiction to resolve the controversy of identity in the manner which was employed.

Since the Florida judgment determining that Palmisano was not operating the insured vehicle at the time of the accident is not jurisdictionally void, it is entitled to full faith and credit in other jurisdictions and bars any recovery by plaintiff in the present action. (U. S. Const., art. IV, § 1; U. S. Code, tit. 28, § 1738.)

As a creditor of Palmisano, the insured, plaintiff must stand in the same position with respect to the insurer as does the insured. The law is accurately summarized in New York Jurisprudence (vol. 31, pp. 182–183) : "The rule is well settled that a judgment creditor seeking to enforce a policy insuring the judgment debtor against liability stands in the shoes of the assured and can recover against the insurer only if the assured could recover under the terms of the policy. Stated differently, his rights against the insurer can be no greater than those of the insured. Such person stands only upon the terms of the policy, and can therefore not recover against the liability insurer unless the insured could have recovered, had he paid the judgment and sued the company." (See, also, *Wenig* v. *Glens Falls Ind. Co.,* 294 N. Y. 195, cited recently in *Sperling* v. *Great Amer. Ind. Co.,* 7 N Y 2d 442; *Birnbaum* v. *Jamestown Mut. Ins. Co.,* 273 App. Div. 903, revd. on other grounds 298 N. Y. 305.)

If Palmisano had paid the judgment obtained against him by plaintiff and thereafter sued his insurer to recover back the amount paid, it is clear that he could not succeed. The determination made in the Circuit Court of Florida that the insured was not operating the vehicle which was involved in the accident causing Spadaro's death, being entitled to full faith and credit in this State, would bar such a claim. Section 167 of the Insurance Law, giving the injured person the right to sue the insurer after judgment unsatisfied, does not enlarge the insurer's liability. "The right of a judgment creditor to recover in an action brought under section 109 (now § 167) of the Insurance Law is identical with the insured's right to recover on the policy, where he had paid the judgment and is seeking indemnity from the insurance company. The cause of action in one case is no greater and no less than in the other." (*Fox* v. *Employers' Liab. Assur. Corp.,* 243 App. Div. 325, 331, affd. 267 N. Y. 609.) Under this principle, plaintiff's claim against the insurer must fail, and since there are no factual issues which must be determined to establish defendant's complete defense to the action, defendant's motion for summary judgment dismissing the complaint must be granted.

The denial of plaintiff's motion for summary judgment was of course proper since, even if the defense of the prior adjudication had not been established, the judgment in the Florida basic negligence action did not involve a litigation of the critical issue whether the insured was in fact driving the automobile at the time of the accident. The defendant could not be deprived of its opportunity to defend on that issue. (*City of Syracuse* v. *Standard Acc. Ins. Co.*, 210 App. Div. 165.)

The order insofar as it denied defendant's motion for summary judgment should be reversed, and defendant's motion should be granted, and otherwise the order should be affirmed.

BASTOW, J. P., GOLDMAN, HENRY and NOONAN, JJ., concur.

Order insofar as it denied defendant's motion for summary judgment unanimously reversed and motion granted and otherwise order affirmed, with costs to defendant.