Memorandum. Since a judgment of the court of a sister State can be attacked collaterally for lack of jurisdiction (Williams v North Carolina, 325 US 226, 229), we must look to the law of Tennessee in order to determine whether its Chancery Court was possessed of the power to vacate the decree dissolving the marriage between the claimant and her husband (Adam v Saenger, 303 US 59, 62; Spadaro v Newark Ins. Co., 21 AD2d 226, 229, affd 15 NY2d 1000).
In this case such an examination discloses that the Tennessee Chancery Court is without authority to set aside a divorce decree after the lapse of 30 days from the entry of its order (Tenn Code Crim, § 27-111; see Ellis v Ellis, 212 Tenn 116, 117; cf. Shipley v Barnett, 161 Tenn 437). Accordingly, that court was without power to vacate its divorce decree here 17 months after it had been granted, which was also 16 months after the husband had died. Therefore, its decree purporting to do so is not entitled to full faith and credit (see Restatement, Conflict of Laws 2d, §§ 104, 105). It follows that the order of the Appellate Division must be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.