■ ROBERT D'ARATA et al., Respondents, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant.—Order unanimously reversed on the law without costs, defendant's motion granted and complaint dismissed. Memorandum: Special Term erred in denying defendant's motion to dismiss the complaint in this action to compel the defendant insurer to pay an unsatisfied default judgment. The subject homeowner's insurance policy specifically excluded coverage for bodily injuries "expected or intended by the insured". Here, the insured's conviction for first degree assault conclusively established that the injuries plaintiffs received were intentionally caused by the insured and, therefore, plaintiffs are collaterally estopped from relitigating the issue of intent

in this action *(see, S. T. Grand, Inc. v City of New York,* 32 NY2d 300, 305; *Bergen v Shapiro,* 129 AD2d 669; *Hooks v Middlebrooks,* 99 AD2d 663). We reject Special Term's conclusion that plaintiffs did not have a full and fair opportunity to litigate the issue of intent in the criminal action. Plaintiffs, as judgment creditors seeking to enforce the policy, have no greater rights than the insured under the policy *(see, Spadaro v Newark Ins. Co.,* 21 AD2d 226, *affd* 15 NY2d 1000). Here, unlike *Gilberg v Barbieri* (53 NY2d 285), where defendant was charged with the petty offense of harassment, the insured was charged with several felonies including attempted murder, robbery and first degree assault. Thus, there can no be doubt that the insured had a full and fair opportunity to litigate the issue of intent *(see, Merchants Mut. Ins. Co. v Arzillo,* 98 AD2d 495). Plaintiffs' reliance upon *Utica Mut. Ins. Co. v Cherry* (38 NY2d 735) is misplaced because there the insurer's duty to defend was at issue, whereas here, only the duty to pay is in question. There can be no duty to indemnify where the loss is not covered under the policy *(see, Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419; *New York Cas. Ins. Co. v Ward,* 139 AD2d 922; *Holmes v Allstate Ins. Co.,* 33 AD2d 96). (Appeal from order of Supreme Court, Erie County, Rossetti, J.—dismiss complaint.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.