■ MASUDA FLIEGMAN et al., Appellants, v TRAVELER'S PROPERTY CASUALTY INSURANCE COMPANY, Respondent. [790 NYS2d 683]—

In an action pursuant to Insurance Law § 3420 (a) (2) and (b) to recover an unpaid judgment against Agi Fliegman, a person alleged by the plaintiffs to be insured under a policy issued by the defendant, the plaintiffs appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated March 17, 2004, which denied their motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the appeal by the plaintiff Moses Fliegman is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Masuda Fliegman; and it is further,

Ordered that one bill of costs is awarded to the defendant payable by the plaintiff Masuda Fliegman.

The plaintiff Masuda Fliegman (hereinafter the plaintiff), recovered a default judgment in the sum of $257,827.50 in a personal injury action in the Supreme Court, Kings County, against her mother-in-law, Agi Fliegman, from whom she rented a condominium unit at the Ashel Lane Condominium. In the personal injury action, the plaintiff alleged that her fall occurred at night on a stairway leading from the outside front entrance of unit 43A at the condominium, where it was dark because a light was out. It is undisputed that Agi Fliegman did not appear in the personal injury action. Subsequent to recovering that default judgment, the plaintiff's attorney asserted a demand for payment by the defendant of the judgment against Agi Fliegman based on a policy of liability insurance issued by the defendant to the Ashel Lane Condominium. In response, the defendant adhered to its earlier disclaimer of the plaintiff's claim (which was made before the commencement of the personal injury action).

The plaintiff, as a judgment creditor seeking to enforce an insurance policy, has no greater rights than the insured under the policy (*see D'Arata v New York Cent. Mut. Fire Ins. Co.,* 152 AD2d 1004 [1989], *affd* 76 NY2d 659 [1990]), and it is the plaintiff's burden to establish that coverage under the policy exists (*see American Continental Props. v National Union Fire Ins. Co. of Pittsburgh, Pa.,* 200 AD2d 443 [1994]).

There are no material disputed issues of fact in the record which was before the Supreme Court, upon which both the plaintiffs and the defendant sought summary judgment. The plaintiff's allegations in the personal injury action, which she obtained her default judgment against Agi Fliegman, require that the insurance policy in question be construed as a matter

of law as excluding Agi Fliegman as an insured thereunder. As the plaintiff failed to establish coverage, she failed to demonstrate entitlement to judgment as a matter of law. However, the defendant established its entitlement to judgment as a matter of law. Accordingly, summary judgment was properly awarded to the defendant. H. Miller, J.P., Luciano, Rivera and Lifson, JJ., concur.